1  DOUGLAS E. LUMISH (Bar No. 183863)
   dlumish@kasowitz.com
2  JEFFREY G. HOMRIG (Bar No. 215890
   jhomrig@kasowitz.com
3  GABRIEL S. GROSS (Bar No. 254672)
   ggross@kasowitz.com
4  JOSEPH H. LEE (Bar No. 248046)
   jlee@kasowitz.com
5  UTTAM G. DUBAL (Bar No. 266007)
   udubal@kasowitz.com
6  KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
   333 Twin Dolphin Drive, Suite 200
7  Redwood Shores, California 94065
   Tel: (650) 453-5170
8  Fax: (650) 453-5171

9  WILLIAM H. WRIGHT (Bar No. 161580)
   wwright@orrick.com
10 I. NEEL CHATTERJEE (Bar No. 173985)
   nchatterjee@orrick.com
11 ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
12 Menlo Park, California 94025
   Tel:  (650) 614-7400
13 Fax:  (650) 614-7401

14 Attorneys for Plaintiff SYNOPSYS, INC.

15
16                     UNITED STATES DISTRICT COURT
17                    NORTHERN DISTRICT OF CALIFORNIA

                                          C 12    6467

| | |
|---|---|
| SYNOPSYS, INC., a Delaware Corporation, | Case No. _____ |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | **DEMAND FOR JURY TRIAL** |
| MENTOR GRAPHICS CORPORATION, an Oregon Corporation, | |
| Defendant. | |

Plaintiff Synopsys, Inc. ("Synopsys") for its Complaint against defendant Mentor Graphics Corporation ("Mentor") alleges as follows:

COMPLAINT FOR PATENT INFRINGEMENT

## PARTIES

1. Synopsys is a Delaware corporation with its principal place of business at 700 East Middlefield Road, Mountain View, California. Synopsys is a leading provider of electronic design automation (EDA) tools that engineers use to create, model, and verify complex integrated circuit designs. Synopsys's products enable semiconductor, manufacturing, computer, communications, consumer electronics, and other companies that develop and manufacture electronic products to improve performance, increase productivity, and ensure that their integrated circuit designs are successfully and predictably implemented.

2. Mentor is an Oregon corporation with its principal place of business at 8005 SW Boeckman Road, Wilsonville, Oregon. According to its public disclosures, Mentor owns three buildings in Fremont, California, which is in this District, and in which Mentor employs research and development, sales and administrative staff. Mentor is a supplier of EDA tools and related services used to design, test, and debug electronic systems such as printed circuit boards and integrated circuits. Mentor sells its products and services, including the infringing Veloce family of emulation products and their related services, in this District.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Mentor for at least the following reasons: (i) Mentor has designated an agent for service of process in the state of California; (ii) Mentor has committed acts of patent infringement and/or induced or contributed to acts of patent infringement by others in this District and elsewhere in California and in the United States including, without limitation, making, using, selling, offering for sale, and otherwise making available, directly and/or through intermediaries, products and services that infringe the patents-in-suit, as described more particularly below; (iii) Mentor employs research and development, sales and administrative staff at its Fremont, California office facilities which are located within this District; and (iv) Mentor regularly does business, solicits business, engages in other

persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals in this District and in this State.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because Mentor transacts business in this District, is subject to personal jurisdiction in this District, and has committed acts of infringement in this District.

## INTRADISTRICT ASSIGNMENT

6. This is an Intellectual Property Action subject to district-wide assignment under Civil Local Rule 3-2(c).

## COUNT I

### (Infringement of U.S. Patent No. 5,748,488)

7. Plaintiff incorporates by reference paragraphs 1 through 6 above as if fully set forth herein.

8. Synopsys is the owner of all rights, title, and interest in the '488 patent, entitled "Method for Generating a Logic Circuit from a Hardware Independent User Description Using Assignment Conditions," which was duly and legally issued on May 5, 1998. A copy of the '488 patent is attached to this Complaint as Exhibit A.

9. Mentor has been and is currently directly infringing one or more claims of the '488 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and selling within the United States, and/or importing into the United States, products and services that practice the inventions claimed in the '488 patent, including specifically the Veloce family of products and their related services, and unless enjoined, will continue to do so.

10. Mentor has been and is currently actively inducing and encouraging infringement of at least one claim of the '488 patent in violation of 35 U.S.C. § 271(b), and Mentor will continue to do so unless permanently enjoined. With actual knowledge of the '488 patent at least as of the date of this Complaint, Mentor actively induces and encourages its customers' direct infringement of the '488 patent by instructing said customers to use its products in a manner that directly infringes the '488 patent, including, for example, by instructing said customers to run the Veloce family of products to create, analyze, diagnose, and/or debug integrated circuit designs.

1 Mentor does so with the specific intent to induce and encourage such infringement, or at a minimum with willful blindness to the known risk of such infringement.

11. In violation of 35 U.S.C. § 271(c), Mentor has been and is currently contributing to the infringement of the '488 patent by selling and/or offering to sell within the United States and/or importing into the United States products that are material components of systems that practice or embody the invention claimed in the '488 patent, and Mentor will continue to do so unless permanently enjoined. With actual knowledge of the '488 patent at least as of the date of this Complaint, Mentor sells and offers to sell products to its customers, including specifically the Veloce family of products, knowing that these products are especially made or adapted for use in a manner that infringes the '488 patent, and knowing that these products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

12. As a direct and proximate consequence of Mentor's infringement of the '488 patent, Synopsys has suffered and will continue to suffer irreparable injury for which there is no adequate remedy at law and damages in an amount yet to be determined for which Synopsys is entitled to relief. Under 35 U.S.C. §§ 283 and 284, Synopsys is entitled to recover damages, as well as permanent injunctive relief against further infringement.

## COUNT II

### (Infringement of U.S. Patent No. 5,530,841)

13. Plaintiff incorporates by reference paragraphs 1 through 6 above as if fully set forth herein.

14. Synopsys is the owner of all rights, title, and interest in the '841 patent, entitled "Method for Converting a Hardware Independent User Description of a Logic Circuit into Hardware Components," which was duly and legally issued on June 25, 1996. A copy of the '841 patent is attached to this Complaint as Exhibit B.

15. Mentor has been and is currently directly infringing one or more claims of the '841 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and selling within the United States and/or importing into the United States products and services that practice the inventions claimed in the '841 patent, including specifically the Veloce family of

products and their related services, and unless enjoined, will continue to do so.

16. Mentor has been and is currently actively inducing and encouraging infringement of at least one claim of the '841 patent in violation of 35 U.S.C. § 271(b), and Mentor will continue to do so unless permanently enjoined. With actual knowledge of the '841 patent at least as of the date of this Complaint, Mentor actively induces and encourages its customers' direct infringement of the '841 patent by instructing said customers to use its products in a manner that directly infringes the '841 patent, including, for example, by instructing said customers to run the Veloce family of products to create, analyze, diagnose, and/or debug integrated circuit designs. Mentor does so with the specific intent to induce and encourage such infringement, or at a minimum with willful blindness to the known risk of such infringement.

17. In violation of 35 U.S.C. § 271(c), Mentor has been and is currently contributing to the infringement of the '841 patent by selling and/or offering to sell within the United States and/or importing into the United States products that are material components of systems that practice or embody the invention claimed in the '841 patent, and Mentor will continue to do so unless permanently enjoined. With actual knowledge of the '841 patent at least as of the date of this Complaint, Mentor sells and offers to sell products to its customers, including specifically the Veloce family of products, knowing that these products are especially made or adapted for use in a manner that infringes the '841 patent, and knowing that these products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

18. As a direct and proximate consequence of Mentor's infringement of the '841 patent, Synopsys has suffered and will continue to suffer irreparable injury for which there is no adequate remedy at law and damages in an amount yet to be determined for which Synopsys is entitled to relief. Under 35 U.S.C. §§ 283 and 284, Synopsys is entitled to recover damages, as well as permanent injunctive relief against further infringement.

## COUNT III
### (Infringement of U.S. Patent No. 5,680,318)

19. Plaintiff incorporates by reference paragraphs 1 through 6 above as if fully set forth herein.

COMPLAINT FOR PATENT INFRINGEMENT — 5 —

20. Synopsys is the owner of all rights, title, and interest in the '318 patent, entitled "Synthesizer for Generating a Logic Network Using a Hardware Independent Description," which was duly and legally issued on October 21, 1997. A copy of the '318 patent is attached to this Complaint as Exhibit C.

21. Mentor has been and is currently directly infringing one or more claims of the '318 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and selling within the United States and/or importing into the United States products and services that practice the inventions claimed in the '318 patent, including specifically the Veloce family of products and their related services, and unless enjoined, will continue to do so.

22. Mentor has been and is currently actively inducing and encouraging infringement of at least one claim of the '318 patent in violation of 35 U.S.C. § 271(b), and Mentor will continue to do so unless permanently enjoined. With actual knowledge of the '318 patent at least as of the date of this Complaint, Mentor actively induces and encourages its customers' direct infringement of the '318 patent by instructing said customers to use its products in a manner that directly infringes the '318 patent, including, for example, by instructing said customers to run the Veloce family of products to create, analyze, diagnose, and/or debug integrated circuit designs. Mentor does so with the specific intent to induce and encourage such infringement, or at a minimum with willful blindness to the known risk of such infringement.

23. In violation of 35 U.S.C. § 271(c), Mentor has been and is currently contributing to the infringement of the '318 patent by selling and/or offering to sell within the United States and/or importing into the United States products that are material components of systems that practice or embody the invention claimed in the '318 patent, and Mentor will continue to do so unless permanently enjoined. With actual knowledge of the '318 patent at least as of the date of this Complaint, Mentor sells and offers to sell products to its customers, including specifically the Veloce family of products, knowing that these products are especially made or adapted for use in a manner that infringes the '318 patent, and knowing that these products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

24. As a direct and proximate consequence of Mentor's infringement of the '318 patent, Synopsys has suffered and will continue to suffer irreparable injury for which there is no adequate remedy at law and damages in an amount yet to be determined for which Synopsys is entitled to relief. Under 35 U.S.C. §§ 283 and 284, Synopsys is entitled to recover damages, as well as permanent injunctive relief against further infringement.

## COUNT IV

### (Infringement of U.S. Patent No. 6,836,420)

25. Plaintiff incorporates by reference paragraphs 1 through 6 above as if fully set forth herein.

26. Synopsys is the owner of all rights, title, and interest in the '420 patent, entitled "Method and Apparatus for Resetable Memory and Design Approach for Same," which was duly and legally issued on December 28, 2004. A copy of the '420 patent is attached to this Complaint as Exhibit D.

27. Mentor has been and is currently directly infringing one or more claims of the '420 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and selling within the United States and/or importing into the United States products and services that practice the inventions claimed in the '420 patent, including specifically the Veloce family of products and their related services, and unless enjoined, will continue to do so.

28. Mentor has been and is currently actively inducing and encouraging infringement of at least one claim of the '420 patent in violation of 35 U.S.C. § 271(b), and Mentor will continue to do so unless permanently enjoined. With actual knowledge of the '420 patent at least as of the date of this Complaint, Mentor actively induces and encourages its customers' direct infringement of the '420 patent by instructing said customers to use its products in a manner that directly infringes the '420 patent, including, for example, by instructing said customers to run the Veloce family of products to create, analyze, diagnose, and/or debug integrated circuit designs. Mentor does so with the specific intent to induce and encourage such infringement, or at a minimum with willful blindness to the known risk of such infringement.

29. In violation of 35 U.S.C. § 271(c), Mentor has been and is currently contributing to the infringement of the '420 patent by selling and/or offering to sell within the United States and/or importing into the United States products that are material components of systems that practice or embody the invention claimed in the '420 patent, and Mentor will continue to do so unless permanently enjoined. With actual knowledge of the '420 patent at least as of the date of this Complaint, Mentor sells and offers to sell products to its customers, including specifically the Veloce family of products, knowing that these products are especially made or adapted for use in a manner that infringes the '420 patent, and knowing that these products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

30. As a direct and proximate consequence of Mentor's infringement of the '420 patent, Synopsys has suffered and will continue to suffer irreparable injury for which there is no adequate remedy at law and damages in an amount yet to be determined for which Synopsys is entitled to relief. Under 35 U.S.C. §§ 283 and 284, Synopsys is entitled to recover damages, as well as permanent injunctive relief against further infringement.

## PRAYER FOR RELIEF

WHEREFORE, Synopsys prays for judgment against Mentor as follows:

A. Entry of a judgment that defendant Mentor has infringed, directly and indirectly, one or more claims of each of the '488, '841, '318, and '420 patents;

B. A judgment and order preliminarily and permanently enjoining Mentor, its employees and agents, and any other person or persons in active concert or participation with Mentor from infringing, directly, or indirectly, the '488, '841, '318, and '420 patents;

C. Damages to compensate Synopsys for Mentor's infringement, including all compensatory damages incurred before entry of final judgment in the case;

D. An award of all pre-judgment and post-judgment interest and costs to Synopsys;

E. An award of reasonable attorneys' fees under 35 U.S.C. § 285 or as otherwise permitted by law; and

F. Such other and further relief that this Court may deem just and proper.

Dated: December 21, 2012

By: /s/ Douglas E. Lumish
Douglas E. Lumish
Jeffrey G. Homrig
Gabriel S. Gross
Joseph H. Lee
Uttam G. Dubal
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

William H. Wright
I. Neel Chatterjee
ORRICK, HERRINGTON & SUTCLIFF LLP

Attorneys for Plaintiff
SYNOPSYS, INC.

## DEMAND FOR JURY TRIAL

Plaintiff Synopsys, Inc. demands a trial by jury of all issues so triable.

Dated: December 21, 2012

By: /s/ Douglas E. Lumish
Douglas E. Lumish
Jeffrey G. Homrig
Gabriel S. Gross
Joseph H. Lee
Uttam G. Dubal
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

William H. Wright
I. Neel Chatterjee
ORRICK, HERRINGTON & SUTCLIFF LLP

Attorneys for Plaintiff
SYNOPSYS, INC