| | |
|---|---|
| David T. Pritikin (*Pro Hac Vice*) <br> dpritikin@sidley.com <br> SIDLEY AUSTIN LLP <br> 1 South Dearborn Street <br> Chicago, IL  60603 <br> Telephone:  (312) 853-7000 <br> Facsimile:   (312) 853-7036 <br><br> M. Patricia Thayer (SBN 90818) <br> pthayer@sidley.com <br> Philip W. Woo (SBN 196459) <br> pwoo@sidley.com <br> SIDLEY AUSTIN LLP <br> 555 California Street, Suite 2000 <br> San Francisco, CA  94104 <br> Telephone:  (415) 772-1200 <br> Facsimile:   (415) 772-7400 <br><br> I. Neel Chatterjee (SBN 173985) <br> nchatterjee@orrick.com <br> ORRICK, HERRINGTON & SUTCLIFFE LLP <br> 1000 Marsh Road <br> Menlo Park, CA  94025 <br> Telephone:  (650) 614-7400 <br> Facsimile:   (650) 614-7401 <br><br> William H. Wright (SBN 161580) <br> wwright@orrick.com <br> ORRICK, HERRINGTON & SUTCLIFFE LLP <br> 777 South Figueroa Street, Suite 3200 <br> Los Angeles, CA  90017 <br> Telephone:  (213) 629-2020 <br> Facsimile:   (213) 612-2499 <br><br> Attorneys for Plaintiff <br> SYNOPSYS, INC., a Delaware Corporation | George A. Riley (SBN 118304) <br> griley@omm.com <br> Mark E. Miller (SBN 130200) <br> markmiller@omm.com <br> Luann L. Simmons (SBN 203526) <br> lsimmons@omm.com <br> Michael Sapoznikow (SBN 242640) <br> msapoznikow@omm.com <br> Elizabeth Offen-Brown (SBN 279077) <br> eoffenbrown@omm.com <br> O'MELVENY & MYERS LLP <br> Two Embarcadero Center, 28th Floor <br> San Francisco, CA 94111 <br> Telephone:   (415) 984-8700 <br> Facsimile:    (415) 984-8701 <br><br> Kristin L. Cleveland (SBN 184639) <br> kristin.cleveland@klarquist.com <br> Stephen J. Joncus (*Pro Hac Vice*) <br> stephen.joncus@klarquist.com <br> Jeffrey S. Love (SBN 195068) <br> jeffrey.love@klarquist.com <br> Andrew M. Mason (*Pro Hac Vice*) <br> andrew.mason@klarquist.com <br> John D. Vandenberg (*Pro Hac Vice*) <br> john.vandenberg@klarquist.com <br> Salumeh R. Loesch <br> salumeh.loesch@klarquist.com <br> KLARQUIST SPARKMAN, LLP <br> 121 S.W. Salmon Street, Suite 1600 <br> Portland, OR  97204 <br> Telephone:   (503) 595-5300 <br> Facsimile:    (503) 595-5301 <br><br> Attorneys for Defendant <br> MENTOR GRAPHICS CORPORATION, an Oregon Corporation |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> MENTOR GRAPHICS CORPORATION, an Oregon Corporation, <br><br> Defendant. | Case No. 3:12-cv-06467-MMC <br><br> **STIPULATED [PROPOSED] ORDER FOR DISCOVERY OF EMAIL** |

The Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders.  It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order applies to *Synopsys, Inc. v. Mentor Graphics Corp.*, Case No. 3:12-CV-6467-MMC, N.D. Cal.  The parties have requested and obtained entry of a parallel order in *Mentor Graphics Corp. v. EVE-USA, Inc. et. al.*, Case Nos. 3:10-CV-954-MO (Dkt. 420), 3:12-CV-1500-MO (Dkt. 193), 3:13-CV-579-MO (Dkt. 239), D. Ore.

3. This Order may be modified for good cause.

4. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26.  Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

5. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata absent a showing of good cause.  However, the following fields shall be included in the production:  date and time that the document was sent and received; the complete distribution list; Beg and End Bates; Beg and End Attachment; Confidentiality; Custodian; and Subject Line.  In addition, all produced email families shall be searchable.

7. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email").  To obtain email, parties must propound specific email production requests.

8. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

9. Email production requests shall identify the topic of the requested emails, search terms, custodians, and time frame.  The responding party shall review the requested email topics, custodians, and search terms and counter-propose custodians and a reasonable set of search terms and

time frame for each topic, if applicable.  The parties shall then cooperate to finalize the proper custodians, proper search terms, and proper timeframe.

10. Each requesting party[1] shall limit its email production requests to a total of fifteen (15) custodians for all such requests across all four cases identified in paragraph 2.  The parties may jointly agree to modify this limit without the Court's leave.  The Court shall consider contested requests for up to five (5) additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.  Should a party serve email production requests for additional custodians beyond the limit agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

11. Each requesting party shall provide search terms in Boolean format.  Search terms shall be narrowly tailored to particular issues.  Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.  A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term.  A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word.  Use of narrowing search criteria (*e.g.*, "and," "but not," and "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.  Should a party request an unreasonable number of search terms, the requesting party shall bear all reasonable costs caused by such additional discovery.

12. No party shall be required to produce more than a total of 30,000 total emails for all custodians combined.[2]  If the search terms provided by a requesting party result in more than 20,000 individual email hits for the first round of ten custodians, or more than 10,000 individual email hits

---

[1] For the purpose of this Order, Mentor Graphics Corporation shall be a single requesting party and producing party and Synopsys, Inc., Synopsys Emulation and Verification S.A., and EVE-USA, Inc. shall collectively be a single requesting party and producing party.

[2] The term "emails" refers to both the email itself and all attachments, which together constitute one email.  Thus, an email with two attachments constitutes one "email" for purposes of this order.

for the second round of five custodians, then the producing party shall provide the number of document hits for each search term for each custodian.  Within two (2) business days of receiving the number of document hits per search term, the requesting party shall either (a) select a subset of search terms for production that result in production of less than the maximum individual emails or (b) provide revised and ranked search terms intended to result in fewer than the maximum email hits.  In the even that the revised search terms result in more than the maximum individual email hits, the producing party shall create a subset of search terms by iteratively removing the lowest-ranking search term until the result is a production of less than the maximum individual email hits for the purpose of identifying the email to produce for such custodian.

13. The parties shall request emails in two rounds.  The following schedule is adopted.

    a. Round one: ten custodians.

**October 4, 2013 at 5pm**:  Parties exchange requested email topics, custodians, time frame, and proposed search terms.

**October 8, 2013 at noon**:  Parties counter-propose custodians and search terms, if applicable.

**October 8, 2013 at 5:15pm**:  Parties meet and confer regarding proposals for custodians and search terms.

**October 15, 2013**:  Parties meet and confer on proposed custodians and search terms.  At that time, the producing party shall inform the requesting party whether the number of documents returned by applying search terms for the proposed custodians exceeds 20,000 individual emails.  If so, the requesting party shall, within two (2) business days, either (a) select a subset of search terms for production that result in production of less than 20,000 individual emails or (b) modify the existing search terms.

**October 25, 2013**:  Parties begin rolling productions of email.

**November 8, 2013**:  Parties complete rolling productions of email.

    b. Round two: five custodians.

**November 18, 2013 at 5pm**:  Parties exchange requested email topics, custodians, time

frame, and proposed search terms.

**November 20, 2013 at noon**: Parties counter-propose custodians and search terms, if applicable.

**November 20, 2013 at 3:30pm**: Parties meet and confer regarding proposals for custodians and search terms.

**November 26, 2013**: The parties meet and confer on proposed custodians and search terms. At that time, the producing party shall inform the requesting party whether the number of documents returned by applying search terms for the proposed custodians exceeds 10,000 individual emails. If so, the requesting party shall, within two (2) business days, either (a) select a subset of search terms for production that result in production of less than 10,000 individual emails or (b) modify the existing search terms.

**December 10, 2013**: Parties begin rolling productions of email.

**December 20, 2013**: Parties complete rolling productions of email.

14. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

15. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

16. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: November 6, 2013

MAXINE M. CHESNEY
United States District Judge

4

STIPULATED [PROPOSED] ORDER FOR DISCOVERY OF EMAIL – CASE NO. 3:12-cv-06467-MMC