IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SYNOPSYS, INC.,

    Plaintiff,

v.

MENTOR GRAPHICS CORPORATION,

    Defendant.

No. 12-6467 C MMC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO AMEND INVALIDITY CONTENTIONS**

    Before the Court is defendant Mentor Graphics Corporation's ("Mentor") Motion for Leave to Amend Invalidity Contentions, filed October 14, 2013.  Plaintiff Synopsys, Inc. ("Synopsys") has filed opposition, to which Mentor has replied.[1]  Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[2]

## BACKGROUND

    Synopsys filed the instant patent infringement action on December 21, 2012, alleging Mentor's products infringe four Synopsys patents: U.S. Patent Nos. 5,748,488

---

[1] Synopsys's Administrative Motion for Leave to File Sur-Reply is hereby DENIED. Contrary to Synopsys's argument, Mentor does not "attempt for the first time to meet its burden of proving diligence in its reply brief" (see Mot. for Sur-Reply 1:6–7; see, e.g., Mot. 1:22-24; 8:15–18; 9:4–15) but, rather, responds to arguments made in Synopsys's opposition (see Reply 5:24–6:5).  Further, the Court's claim construction order did not in any manner rely on "new arguments pertaining to . . . claim construction issues" contained in the above-referenced reply.  (See Mot. for Sur-Reply 1:10.)

[2] By order filed November 19, 2013, the Court took the motion under submission.

("'488 patent"), 5,530,841 ("'841 patent), and 5,680,318 ("'318 patent") (collectively, "Gregory patents") and U.S. Patent No. 6,836,420 ("Seshadri patent"). The Gregory patents concern the automated design of integrated circuits. (See, e.g., '488 patent col. 1:36-37.) The Seshadri patent concerns a design for a "resetable memory" for use in such circuits. (See '420 patent col. 1:8-10.)

Mentor served its original invalidity contentions on June 6, 2013. (See Decl. of John D. Vandenberg ("Vandenberg Decl.") ¶ 2.) As set forth in the Court's orders, the deadlines for completion of fact and expert discovery are, respectively, May 12, 2014 and July 18, 2014. Trial is scheduled to begin on October 27, 2014.

## LEGAL STANDARD

Pursuant to the Patent Local Rules of this district, parties may amend their infringement and invalidity contentions "only by order of the Court upon a timely showing of good cause." See Patent L.R. 3–6; see also Positive Techs., Inc. v. Sony Elecs., Inc., 2013 WL 322556 at *2 (N.D. Cal. Jan. 28, 2013) (noting, "[i]n contrast to the more liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the shifting sands approach to claim construction") (internal quotation and citation omitted). "Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include: (a) a claim construction order by the Court different from that proposed by the party seeking amendment; (b) recent discovery of material, prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the [a]ccused [i]nstrumentality which was not discovered, despite diligent efforts, before the service of the [i]nfringement [c]ontentions." Patent L.R. 3–6.

"'[G]ood cause' requires a showing of diligence." O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1366 (Fed. Cir. 2006) (discussing Northern District of California's Patent Local Rules). "[T]he diligence required for a showing of good cause has two phases: (1) diligence in discovering the basis for amendment; and (2) diligence in

seeking amendment once the basis for amendment has been discovered." Positive Techs., 2013 WL 322556 at *2.

The moving party bears the burden of establishing diligence. See O2 Micro, 467 F.3d at 1366. Where the moving party is unable to show diligence, there is "no need to consider the question of prejudice," see id. at 1368, although a court in its discretion may elect to do so, see, e.g., Dynetix Design Solutions Inc. v. Synopsys Inc., 2012 WL 6019898 at *1 (N.D. Cal. Dec. 3, 2012).

## DISCUSSION

By the instant motion, Mentor seeks leave to make five amendments to its invalidity contentions, which amendments, Mentor argues, are supported by a showing of good cause. In response, Synopsys argues Mentor has failed to make the requisite showing of diligence as, according to Synopsys, Mentor was in possession of all of the information it needed long before it served its original invalidity contentions. Additionally, Synopsys contends it would be prejudiced if the proposed amendments were allowed. The Court next addresses the proposed amendments in the order they are discussed in Mentor's motion.

Mentor's first proposed amendment seeks to correct "errors" in its contentions as to nonstatutory double patenting, which errors Mentor states it first noticed while preparing its response to an interrogatory. (See Mot. 7:2–3.) Mentor does not explain why said "errors" could not have been discovered prior to its preparation of the above-referenced interrogatory response. Rather, citing OpenDNS, Inc. v. Select Notifications Media, LLC, 2013 WL 2422623 (N.D. Cal. 2013), Mentor argues that an "honest mistake" itself is sufficient grounds for amendment. (See Reply 3:19–23); OpenDNS, 2013 WL 2422623 at *3. As the district court in OpenDNS explained, however, "[m]istakes or omissions are not by themselves good cause." Although the court did allow the amendment therein requested, it did so because the amendment did "not appear to change the infringement theory," and the error, which, in the court's view, "appear[ed] to be an administrative

3

mistake," concededly was "obvious" to the other party. See OpenDNS, 2013 WL 2422623 at *1, *3. Here, by contrast, the claimed errors are not merely "administrative" in nature. See id. at *3. Rather, Mentor seeks to add to its invalidity contentions a number of prior art references, upon which Mentor, by its first proposed amendment, now seeks to rely. (See Decl. of Andrew M. Mason ("Mason Decl.") Ex. C at 5, 7, 9, 14; id. Ex. D at 4.) Indeed, although, as Mentor points out, it is "challenging the same claims" (see Mot. 2:22–23), the amendment constitutes "modified grounds" for doing so (see id.). Further, the instant motion was filed shortly before the scheduled claim construction hearing, by which time the parties had made their respective choices of claims to be construed. See Patent L.R. 4–3(c) (requiring parties to identify for purposes of claim construction hearing "a maximum of 10" terms "whose construction will be most significant to the resolution of the case"). Under such circumstances, the likelihood of prejudice to Synopsys weighs against the proposed amendment. See, e.g., Dynetex, 2012 WL 6019898 at *3 (denying request to amend infringement contentions; finding "proposed amendment would leave [opposing party] prejudiced by its previous claim term choices").[3] Accordingly, the Court finds Mentor has not shown good cause for its first proposed amendment.

Mentor's second and third proposed amendments seek, respectively, (1) to assert, as an additional ground for its contention that the Gregory patents are invalid for anticipation, an effective filing date in 1995, five years later than the date on which Synopsys relies; and (2) to assert as additional grounds for its contention that the patents-in-suit fail to provide the requisite information for enablement and written description, see 35 U.S.C. § 112(a), that the Gregory patents' specifications contain no "example using the VHDL or Verilog language" (see Vandenberg Decl. Ex. C at 20) and that the Seshadri patent's claims are broader than the described embodiments. In an effort to demonstrate

---

[3] To the extent Mentor suggests it need not have good cause to make the proposed changes to its contentions because Patent Local Rule 3–3, which governs the content of invalidity contentions, does not expressly reference nonstatutory double patenting, see Patent L.R. 3–3, the Court disagrees. Patent Local Rule 3–6, which governs amendment of contentions, expressly requires a "timely showing of good cause." See Patent L.R. 3–6.

diligence, Mentor argues it discovered the basis for both such amendments during its September 11, 2013 deposition of Donald E. Thomas, Jr., Ph.D., Synopsys's expert for purposes of claim construction, wherein Thomas testified, based on an examination of the Gregory patents, that none contains "any example of VHDL language" or "any example of Verilog language." (See id. Ex. B 27:17–23.) The Court is not persuaded. First, the cited testimony has no bearing on the Seshadri patent, which is not referenced therein. As to the Gregory patents, Mentor's reliance on said testimony likewise is unavailing, as Mentor does not explain why, with the assistance of its own expert, Mentor itself could not have made the same observation independently and prior to both the filing of its invalidity contentions and the parties' selection of claim terms.[4] Accordingly, the Court finds Mentor has not shown good cause for its second and third proposed amendments.

Mentor's fourth proposed amendment seeks, as to dependent claim 20 of the Seshadri patent, to conform its invalidity contentions to those it has already made as to dependent claims 12–16 and independent claim 11, from which said six later claims all depend. Although Mentor offers no explanation as to why such contention was not made earlier, the Court agrees with Mentor that the proposed amendment "should neither surprise nor prejudice [Synopsys]." See OpenDNS, 2013 WL 2422623 at *1, *3 (allowing amendment in absence of diligence where mistake was "obvious" and essentially clerical in nature). Accordingly, the Court finds Mentor has shown good cause for its fourth proposed amendment.

Mentor's fifth proposed amendment seeks, as to claim 36 of the '318 patent, to add indefiniteness as a new ground of invalidity, based on what Mentor asserts is a lack of an antecedent basis for the term "said synchronous assignment condition." (See Mot. Ex. 1 at 61:6–7.) Mentor does not explain why said assertion was not made in its original

---

[4] To the extent Mentor, again citing Patent Local Rule 3–3, suggests no showing as to good cause is necessary because effective filing dates are not referenced therein, the Court, for the reasons set forth above with respect to the first proposed amendment, disagrees.

5

contentions.  Further, and contrary to Mentor's argument, the fact that "neither party has raised the issue of claim correction with the Court" (see Mot. 10:20) does not suggest a lack of prejudice.  Claim correction bears significantly on claim construction.  See CBT Flint Partners, LLC v. Return Path, Inc., 654 F.3d 1353, 1358–59 (Fed. Cir. 2011) (holding court "must consider how a potential correction would impact the scope of a claim").  As noted above, claim construction has already occurred in the instant action.  Had Mentor included its proposed amendment prior to that proceeding, Synopsys likely would have sought to correct the asserted error as part of claim construction.  See Dynetex, 2012 WL 6019898 at *3 (finding "proposed amendment would leave [opposing party] prejudiced by its previous claim term choices").  Accordingly, the Court finds Mentor has not shown good cause for its fifth proposed amendment.

**CONCLUSION**

Mentor's Motion for Leave to Amend Invalidity Contentions is hereby GRANTED in part and DENIED in part, as follows:

    a. With respect to the fourth proposed amendment, the motion is GRANTED;

    b. In all other respects, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: December 13, 2013

MAXINE M. CHESNEY
United States District Judge