UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS INC, | No. C-12-06467-MMC (DMR) |
| Plaintiff(s), | **ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS [DOCKET NO. 143] AND DEFENDANT'S MOTION TO COMPEL DEPOSITION [DOCKET NO. 149]** |
| v. | |
| MENTOR GRAPHICS CORP, | |
| Defendant(s). | |

Before the court is a joint discovery letter submitted by Plaintiff Synopsys Inc. and Defendant Mentor Graphics Corp. in which Mentor seeks leave to amend its invalidity contentions. ["Letter," Docket No. 143.]  The court held a hearing on April 10, 2014.  For the reasons stated below, Mentor's motion to amend its invalidity contentions is **denied.**[1]

## I. BACKGROUND

The factual allegations of the complaint and the background of this case have been described elsewhere. *See* Docket No. 114, 138.  In brief, on December 21, 2012, Synopsys filed a complaint

---

[1] The parties also filed a second joint discovery letter, in which Mentor moves to compel the deposition of Synopsys employee Nels Vander Zanden prior to the issuance of this order. [Docket No. 149.]  That letter is denied as moot.

against Mentor alleging four counts of patent infringement.[2] [Docket No. 1.] This lawsuit is one of four active district court actions between Synopsys and Mentor. The other three actions have been consolidated and are pending in the District of Oregon.[3] The parties are also engaged in litigation in Japan and in an *inter partes* review ("IPR") before the Patent and Trademark Office. *See* Docket No. 113 at 1-2.

Mentor served its original invalidity contentions on June 6, 2013. [Docket No. 114 at 2.] Synopsys first put Mentor on notice of Synopsys' proposed claim constructions in July 2013. [Letter at 8.] The parties completed claim construction briefing on October 10, 2013. [Letter at 1.] On October 14, 2013, Mentor moved for leave to amend its invalidity contentions.[4] [Docket No. 74.] In the meantime, Judge Chesney held a claim construction hearing on October 28, 2013, and on November 7, 2013, issued a claim construction order. [Docket No. 83, 100.] On December 13, 2013, Judge Chesney denied in part and granted in part Mentor's motion for leave to amend its invalidity contentions. [Docket No. 114.]

Fact discovery in this case must be completed by July 18, 2014 and expert discovery by September 19, 2014. Dispositive motions must be filed by October 3, 2014. The trial is scheduled to begin on January 26, 2015.

## II.  LEGAL STANDARD

The local rules of the Northern District of California require parties to define their theories of patent infringement and invalidity early on in the course of litigation. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1359 (Fed. Cir. 2006). "In contrast to the more liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly

---

[2] The four patents that Synopsys alleges Mentor infringed are U.S. Patent Nos. 5,748,488 ("'488 patent"), 5,530,841 ("'318 patent"), 5,680,318 ("'318 patent"), collectively the "Gregory patents"; and 6,836,420 ("'420 patent").

[3] *See Mentor Graphics Corporation v. EVE-USA, Inc. et al.*, No. 3:10-cv-954-MO (D. Or., filed Aug. 12, 2010); *Mentor Graphics Corporation v. EVE-USA, Inc. et al.,* No. 3:12-cv-1500-MO (D. Or., filed Aug. 17, 2012); *Synopsys Inc. v. Mentor Graphics Corporation*, No. 3:13-cv-579-MO (D. Or., filed Sept. 27, 2012).

[4] Mentor's prior motion sought leave to amend its invalidity contentions on grounds different from those presented in the instant letter. *See* Docket No. 74.

conservative, and designed to prevent the shifting sands approach to claim construction." *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. C. 11-2226-SI, 2013 WL 322556 at *2 (N.D. Cal. Jan. 28, 2013) (quotation and citation omitted). Thus this district's Patent Local Rules permit parties to amend their infringement and invalidity contentions "only by order of the Court upon a timely showing of good cause." *See* Patent L.R. 3-6. "By requiring the non-moving party to show good cause, Local Rule 3-6 serves to balance the parties' rights to develop new information in discovery along with the need for certainty in legal theories at the start of the case." *Open DNS, Inc. v. Select Notifications Media, LLC*, No. C-11-5101 EJD (HRL), 2013 WL 2422623 at *2 (N.D. Cal. June 3, 2013) (citing *O2 Micro*, 467 F.3d at 1366).

In determining good cause, the court not only considers a party's diligence in searching for prior art or in moving to amend when new information is discovered, *see O2 Micro*, 467 F.3d at 1366, but "also considers such factors as the relevance of the new prior art and the difficulty of locating the prior art." *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-CV-03587-WHO, 2014 WL 491745 at *4 (N.D. Cal. Feb. 5, 2014) (citation omitted). "The good cause requirement does not require perfect diligence. Although hindsight is often '20/20,' identifying and evaluating prior art can be difficult, and new information learned in discovery can lead a party to understandably reevaluate evidence found earlier." *Id.* at *4; *see also Positive Techs.*, 2013 WL 322556 at *3 (diligence standard does not require defendant to "identify *all* relevant prior art references that *may* become relevant to all possible claim constructions"). Indeed, the Patent Local Rules specifically acknowledge the possibility that a party may need to supplement invalidity contentions with information found during discovery. *See* Patent L.R. 3-6 ("Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include: (a) a claim construction order by the Court different from that proposed by the party seeking amendment; (b) recent discovery of material, prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the [a]ccused [i]nstrumentality which was not discovered, despite diligent efforts, before the service of the [i]nfringement [c]ontentions.").

The moving party bears the burden of establishing diligence. *See O2 Micro*, 467 F.3d at 1366. Where the moving party is unable to show diligence, there is "no need to consider the question of prejudice," *see id.* at 1368, although a court in its discretion may elect to do so, *see, e.g.,*

3

*Dynetix Design Solutions Inc. v. Synopsys Inc.*, No. Cv-11-5973-PSG, 2012 WL 6019898 at *1 (N.D. Cal. Dec. 3, 2012).

### III.  DISCUSSION

Mentor seeks leave to file two types of amendments: (1) the addition of 17 and removal of 20 invalidity defenses under 35 U.S.C. § 112[5] as to the '420 and Gregory patents, and (2) the addition of six prior art references for the '420 patent.

**A.  Section 112 Defenses**

Mentor seeks to add 17 invalidity defenses pursuant to Section 112.[6]  Mentor avers that Judge Chesney's claim construction order rejected 8 of the 10 constructions proposed by Mentor, thus altering Mentor's invalidity defenses and triggering Mentor's reevaluation of its invalidity contentions.

The Patent Local Rules expressly recognize that amendment of invalidity contentions may be appropriate where the Court adopts a claim construction different from that proposed by the party seeking amendment.  *See* Patent L.R. 3-6(a).  "However, the Court's differing claim construction in and of itself does not constitute good cause, and the moving party must still establish its diligence." *Verinata Health, Inc. v. Sequenom, Inc.*, No. C-12-865-SI, 2014 WL 789197 at *2 (N.D. Cal. Feb. 26, 2014).

Judge Chesney, in considering Mentor's prior motion to amend its invalidity contentions to add Section 112 defenses, found that Mentor had not shown good cause for such an amendment. Docket No. 114 at 4-5.  Specifically, Judge Chesney found that Mentor had not "explain[ed] why, with the assistance of its own expert, Mentor itself could not have made the same observation [regarding the bases for additional Section 112 defenses] independently and prior to both the filing of its invalidity contentions and the parties' selection of claim terms." *Id.* at 5.

The same reasoning applies in the instant circumstance.  Mentor had Synopsys' proposed claim constructions at least by July 2013, and Judge Chesney's claim construction order by

---

[5] Section 112 requires that a patent specification include a complete written description of a claimed invention, sufficient specificity and detail so that a person of ordinary skill in the relevant art can practice the invention, and a description of the best mode known to the inventor of practicing the invention.  35 U.S.C. § 112.  Alleged patent infringers may assert defenses that the patent is invalid based on the patent's failure to meet the statutory requirements under Section 112.

[6] At the hearing, Mentor's counsel clarified that the 17 new Section 112 amendments were "a lot of the same thing in different language" and that they represented only three new arguments.

4

November 7, 2013. Mentor does not aver that its new Section 112 defenses required a laborious search through a vast body of prior art. In fact, at the hearing, Mentor's counsel argued that those defenses were obvious and were no surprise to either side. Because Mentor has failed to explain why its expert and attorneys could not have crafted three "obvious" Section 112 defenses targeting Synopsys' proposed claim constructions in the seven months between Mentor's receipt of Synopsys' proposed claim constructions and the date Mentor filed this motion, the court finds that Mentor has not made the requisite showing of diligence for amending its invalidity contentions.

Because the court concludes that Mentor did not act diligently with respect to the Section 112 defenses, the court does not address whether Synopsys would be prejudiced by the amendments. Accordingly, Mentor's motion is **denied** with respect to the addition of Section 112 defenses.[7]

## B. Additional Prior Art References

Mentor seeks leave to add six prior art references for the '420 patent: four publications (abbreviated Leong, Landeta, Vander Zanden, and Wohl), a product called Leonardo, and a CD containing information about the Leonardo product. Mentor contends that it has had to search through a "vast and complex body of prior art"[8] in order to identify the prior art references it could list in its invalidity contentions. Mentor states that its team spent great effort analyzing a large number of prior art for all four asserted patents. Mentor avers that it first learned of the prior art references it now seeks to add in early December 2013, with the exception of the Leonardo product code.[9]

In the discovery letter, Mentor argued first and foremost that good cause to amend existed because the claim construction order adopted definitions different from those proposed by Mentor.[10] However, at the hearing, Mentor's counsel argued that its primary rationale for the existence of good

---

[7] Mentor also moves for leave to *remove* 20 Section 112 defenses that are less relevant in light of claim construction order. Because this request is unopposed, it is granted.

[8] Mentor avers that the asserted patents sit within the field of logic synthesis, which experienced "explosive growth throughout the 1980s and 1990s," during which numerous public and private entities across multiple continents simultaneously developed similar methodologies described with different terminologies, often in different languages. Letter at 1.

[9] Mentor did not specify when it discovered the Leonardo product, but it noted that it had made an initial attempt to run the program in the fall of 2013. Letter at 4-5.

[10] Specifically, Mentor argued that its new prior art references address Judge Chesney's construction of the term "resetable memory," which differed from Mentor's proposed construction in two material ways. *See* Letter at 2-3.

5

cause is that it recently discovered the new prior art references despite its earlier diligent search; counsel characterized the court's claim construction order as a "secondary" rationale.

Synopsys argues that Mentor did not act diligently because Mentor did not inform Synopsys of its proposed amendments until two months after the claim construction order and did not file a motion to amend its invalidity contentions until three months after the order. These facts are not, by themselves, fatal to Mentor's showing of diligence. *See Positive Techs.*, 2013 WL 322556 at *3 (granting motion for leave to amend invalidity contentions to add prior art references where defendant made plaintiff aware of new prior art references six months after plaintiff filed proposed claim constructions and two months after the court's claim construction order). *But see Verinata*, 2014 WL 789197 at *3 (denying motion for leave to amend invalidity contentions where defendant had received the plaintiffs' preliminary claim constructions *before* drafting its invalidity contentions and moved to amend its invalidity contentions three months after claim construction order).

However, the totality of the circumstances weigh against granting leave to amend. First, despite arguing in the joint discovery letter that five[11] of the six proposed prior art references are only relevant as a result of the claim construction order, *see* Letter at 3, Mentor's counsel conceded at the hearing that all of the new prior art references Mentor seeks to add would have been relevant to Mentor's proposed construction. As such, the court is not persuaded that the new references could not have been discovered in an earlier diligent search. Second, Mentor filed a formal petition for *inter partes* review of the '420 patent on December 21, 2013. Letter at 8. In that petition Mentor listed the four publications (Leong, Landeta, Vander Zanden, and Wohl) as prior art references. Mentor could have proposed amendments to its invalidity contentions at least by that date. Finally, with respect to the Leonardo product, that product was developed by a Mentor subsidiary and had been in Mentor's possession, yet Mentor waited until the fall of 2013 to make "[i]nitial attempts to run the code." Letter at 4. These initial attempts failed and Mentor only "became aware of and confirmed Leonardo's relevant functionality in late November 2013." Letter at 5. Even accepting Mentor's explanation that the Leonardo product is 13 years old and does not run on present-day

---

[11] For the sixth prior art reference (Wohl), Mentor did not argue that it only became relevant after the claim construction order. Instead, Mentor argued that good cause existed to add the Wohl reference because it was a "recent discovery of material, prior art despite earlier diligent search" pursuant to Patent Local Rule 3-6.

computers, Mentor has given no persuasive explanation for why it waited until fall of 2013 to *begin* attempts to run the code.

Because the court finds that Mentor has not shown that good cause exists to grant Mentor leave to amend its invalidity contentions, it declines to consider whether Synopsys will be prejudiced by the proposed amendments.

## IV. CONCLUSION

For the reasons stated above, Mentor's motion for leave to amend its invalidity contentions is **denied**.

IT IS SO ORDERED.

Dated: April 14, 2014

DONNA M. RYU
United States Magistrate Judge