UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS INC, | No. C-12-06467-MMC (DMR) |
| Plaintiff(s), | **ORDER RE: JOINT DISCOVERY LETTER [DOCKET NO. 190]** |
| v. | |
| MENTOR GRAPHICS CORP, | |
| Defendant(s). | |

Before the court is a joint discovery letter submitted by Plaintiff Synopsys Inc. and Defendant Mentor Graphics Corp, in which Mentor seeks leave to amend its invalidity contentions based on the recent Supreme Court decision in *Nautilus, Inc. v. Biosig Instruments, Inc.*, -- U.S. --, 134 S. Ct. 2120 (2014). [Docket No. 190.]

The court held a hearing on August 28, 2014. After the hearing, the parties submitted supplemental briefing. [Docket Nos. 252, 253.] For the reasons stated below and at the hearing, Mentor's request for leave to amend its invalidity contentions is denied.

**I. BACKGROUND**

The factual allegations of the complaint and the background of this patent case have been described elsewhere. *See* Docket Nos. 114, 138, 154. Mentor served its original invalidity

contentions on June 6, 2013. [Docket No. 114 at 2.] Mentor now seeks leave to add to its invalidity contentions indefiniteness arguments against Claim 1 of the '841 patent and Claims 1-2 and 8-9 of the '488 patent (collectively, the "Claims at issue"). Mentor's original invalidity contentions did not include indefiniteness arguments against these claims, but Mentor contends that there is good cause to permit amendment because these arguments were previously unavailable but are now viable after the Supreme Court's June 2, 2014 decision in *Nautilus*.

## II. DISCUSSION

**A. Legal Standards**

**1. Section 112 ¶ 2**

In order to be valid, a patent claim must "particularly point [ ] out and distinctly claim[ ] the subject matter which the applicant regards as his invention." 35 U.S.C. § 112 ¶ 2 (2006).[1] "For a claim to comply with section 112, paragraph 2, it must satisfy two requirements: first, it must set forth what 'the applicant regards as his invention,' and second, it must do so with sufficient particularity and distinctness, *i.e.,* the claim must be sufficiently 'definite.'" *Solomon v. Kimberly-Clark Corp.*, 216 F.3d 1372, 1377 (Fed. Cir. 2000). The purpose of the so-called definiteness requirement is "to ensure that the claims delineate the scope of the invention using language that adequately notifies the public of the patentee's right to exclude." *Datamize, LLC v. Plumtree Software, Inc.,* 417 F.3d 1342, 1347 (Fed. Cir. 2005). A lack of definiteness renders invalid the patent or any claim in suit. 35 U.S.C. § 282(2)(3).

**2. Amendment to Invalidity Contentions**

The local rules of the Northern District of California require parties to define their theories of patent infringement and invalidity early on in the course of litigation. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1359 (Fed. Cir. 2006); Patent L.R. 3-3 (Invalidity Contentions). The local rules require "each party opposing a claim of patent infringement . . . [to]

---

[1] The Leahy-Smith America Invents Act, enacted in 2011, amended several parts of the Patent Act. The successor statute to 35 U.S.C. § 112 ¶ 2, which applies to patents filed after September 16, 2012, is codified at 35 U.S.C. § 112(b). Likewise, 35 U.S.C. § 282 was renumbered and modified in other respects not pertinent here. Because the patents at issue were filed before September 16, 2012, the older version of the statutes apply.

2

serve on all parties its "Invalidity Contentions," which shall contain . . . [any grounds of invalidity based on] indefiniteness under 35 U.S.C. § 112(2) . . . ." Patent L.R. 3-3.

"In contrast to the more liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the shifting sands approach to claim construction." *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. C. 11-2226-SI, 2013 WL 322556 at *2 (N.D. Cal. Jan. 28, 2013) (quotation and citation omitted). Thus this district's Patent Local Rules permit parties to amend their infringement and invalidity contentions "only by order of the Court upon a timely showing of good cause." *See* Patent L.R. 3-6. "By requiring the non-moving party to show good cause, Local Rule 3-6 serves to balance the parties' rights to develop new information in discovery along with the need for certainty in legal theories at the start of the case." *Open DNS, Inc. v. Select Notifications Media, LLC*, No. C-11-5101 EJD (HRL), 2013 WL 2422623 at *2 (N.D. Cal. June 3, 2013) (citing *O2 Micro*, 467 F.3d at 1366).

In determining good cause, the court considers a party's diligence in moving to amend when new information is discovered. *See O2 Micro*, 467 F.3d at 1366; *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-CV-03587-WHO, 2014 WL 491745 at *4 (N.D. Cal. Feb. 5, 2014) (citation omitted). "The good cause requirement does not require perfect diligence. Although hindsight is often '20/20,' identifying and evaluating prior art can be difficult, and new information learned in discovery can lead a party to understandably reevaluate evidence found earlier." *Id.* at *4. Indeed, the Patent Local Rules specifically acknowledge the possibility that a party may need to supplement invalidity contentions with information found during discovery. *See* Patent L.R. 3-6 ("Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include: (a) a claim construction order by the Court different from that proposed by the party seeking amendment; (b) recent discovery of material, prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the [a]ccused [i]nstrumentality which was not discovered, despite diligent efforts, before the service of the [i]nfringement [c]ontentions.").

The moving party bears the burden of establishing diligence. *See O2 Micro*, 467 F.3d at 1366. Where the moving party is unable to show diligence, there is "no need to consider the

3

question of prejudice," *see id.* at 1368, although a court in its discretion may elect to do so, *see, e.g., Dynetix Design Solutions Inc. v. Synopsys Inc.*, No. Cv-11-5973-PSG, 2012 WL 6019898 at *1 (N.D. Cal. Dec. 3, 2012).

**B.  Mentor's Claim Construction Arguments and Prior Attempts at Indefiniteness Arguments**

This is not the first time Mentor has attempted to amend its invalidity contentions to add Section 112 ¶ 2 arguments against the Claims at issue.  The first time arose after Judge Chesney's claim construction order construed the Claims at issue in a way that was unfavorable to Mentor.  This chronology is described below.

During claim construction, Mentor argued that the terms in the preambles to the Claims at issue limited the scope of those claims.[2]  *See* Mentor's Claim Construction Brief [Docket No. 71] at 3, 6.  In response, Synopsys contended that those terms should not be read as substantive limitations on the claims because they provide nothing essential to the invention not expressly provided for in the body of the claim, and instead simply stated the purpose of the invention.  *See* Synopsys's Opening Claim Construction Brief [Docket No. 62] at 13, 15.[3]  In the claim construction order, issued on November 7, 2013, Judge Chesney held that the preamble terms did not limit the Claims at issue "[f]or the reasons stated by Synopsys."  *See* Docket No. 100 at 7-8.  Because those terms added nothing essential to the claim, Judge Chesney declined to construe those terms.  *Id.*

On March 10, 2014, Mentor moved to amend its invalidity contentions, in part to add additional grounds of invalidity based on Section 112 ¶ 2. [Docket Nos. 143; 143-1 at 66-67.] Mentor characterized these proposed amendments as addressing "indefiniteness issue[s]." Specifically, Mentor's March 10 proposed amendments were as follows:

---

[2]  The specific terms were the term "GOTO statement" in the preamble to Claim 1 of the '841 patent and the term "hardware independent user description of a logic circuit" in the preambles of Claim 1 of the '841 patent and Claims 1-2 and 8-9 of the '488 patent.  *See* Mentor's Claim Construction Brief [Docket No. 71] at 3, 6.

[3]  "In general, a preamble limits the invention if it recites essential structure or steps, or if it is necessary to give life, meaning, and vitality to the claim[;] [c]onversely, a preamble is not limiting where a patentee defines a structurally complete invention in the claim body and uses the preamble only to state a purpose or intended use for the invention." *Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801, 808 (Fed. Cir. 2002) (internal quotations and citation omitted).

> (1) Claim 1 of the '841 patent had an "[i]ndefiniteness issue" because "[a]s construed, the claim is directed to an 'invention' not described in the patent's application as what the applicants regarded as their invention. The disclosed 'invention' is limited to 'generating' a logic circuit/network solely from a hardware independent user description (specifying only signals in a logic network and the conditions under which those signals are generated), using no other information;
>
> (2) Claims 1-2 and 8-9 of the '488 patent had an "[i]ndefiniteness issue" because "[a]s construed, the claim is directed to an 'invention' not described in the patent's application as what the applicants regarded as their invention. The disclosed 'invention' is limited to 'generating' a logic circuit/network solely from a hardware independent user description (specifying only signals in a logic network and the conditions under which those signals are generated), using no other information. Also, without the preamble as a limitation, these claims are not limited to generating 'logic circuits.'"

Docket No. 143-1 at 66-67.

On April 14, 2014, this court denied Mentor's motion because Mentor had not demonstrated diligence in moving to amend. Mentor's counsel conceded that the arguments were "obvious," yet Mentor waited seven months before moving to amend:

> Mentor had Synopsys' proposed claim constructions at least by July 2013, and Judge Chesney's claim construction order by November 7, 2013. Mentor does not aver that its new Section 112 defenses required a laborious search through a vast body of prior art. In fact, at the hearing, Mentor's counsel argued that those defenses were obvious and were no surprise to either side. Because Mentor has failed to explain why its expert and attorneys could not have crafted three "obvious" Section 112 defenses targeting Synopsys' proposed claim constructions in the seven months between Mentor's receipt of Synopsys' proposed claim constructions and the date Mentor filed this motion, the court finds that Mentor has not made the requisite showing of diligence for amending its invalidity contentions.

Docket No. 154 at 4-5.

**C. Good Cause to Amend Invalidity Contentions**

Mentor argues that the *Nautilus* decision makes available indefiniteness arguments that Mentor previously would have been unable to raise. This requires a closer inspection of what the Supreme Court did and did not change about the definiteness requirement in *Nautilus.*

**1.** *Nautilus*

Until recently, the Federal Circuit articulated the test for definiteness as follows: "A claim is indefinite only when it is 'not amenable to construction' or 'insolubly ambiguous.'" *Biosig Instruments, Inc. v. Nautilus, Inc.,* 715 F.3d 891, 898 (Fed. Cir. 2013), *vacated,* 134 S.Ct. 2120. However, in *Nautilus*, the Supreme Court rejected this formulation of the definiteness requirement. The *Nautilus* court held that the "not amenable to construction" or "insolubly ambiguous"

5

formulations "can breed lower court confusion, for they lack the precision § 112, ¶ 2 demands." *Nautilus*, 134 S.Ct. at 2130. For example, the term "insolubly ambiguous" could be read to tolerate more indefiniteness than Section 112 ¶ 2 allowed. *Nautilus*, 134 S.Ct. at 2130 ("To tolerate imprecision just short of that rendering a claim 'insolubly ambiguous' would diminish the definiteness requirement's public-notice function and foster the innovation-discouraging 'zone of uncertainty,' *United Carbon* [*Co. v. Binney & Smith* Co*.,* 317 U.S. 228, 236 (1942)], against which this Court has warned.").

The *Nautilus* court took issue with the Federal Circuit's word choice, though not necessarily with the Federal Circuit's assessment of how much indefiniteness Section 112 ¶ 2 actually tolerated:

> The Federal Circuit's fuller explications of the term 'insolubly ambiguous,' we recognize, may come closer to tracking the statutory prescription. *See*, *e.g.,* [*Biosig*,] 715 F.3d, at 898 (case below) ('[I]f reasonable efforts at claim construction result in a definition that does not provide sufficient particularity and clarity to inform skilled artisans of the bounds of the claim, the claim is insolubly ambiguous and invalid for indefiniteness.' (internal quotation marks omitted)). But although this Court does not "micromanag[e] the Federal Circuit's particular word choice" in applying patent-law doctrines, we must ensure that the Federal Circuit's test is at least "probative of the essential inquiry. Falling short in that regard, the expressions "insolubly ambiguous" and "amenable to construction" permeate the Federal Circuit's recent decisions concerning § 112, ¶ 2's requirement. We agree with Nautilus and its amici that such terminology can leave courts and the patent bar at sea without a reliable compass.

*Id.* at 2130 (citation omitted).

Thus, in place of the "amenable to construction" and "insolubly ambiguous" standards, the Supreme Court declared a different formulation for the definiteness requirement: "[A] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus*, 134 S.Ct. at 2124.

**2. Good Cause**

In order to have good cause for amending its invalidity contentions, Mentor must demonstrate that *Nautilus* changed the law in such a way as to make available an indefiniteness defense that was previously unavailable. Thus Mentor necessarily takes the position that the Claims at issue were sufficiently definite under the pre-*Nautilus* standard but are now indefinite under the *Nautilus* standard.

6

Synopsys argues that Mentor could and did make the same indefiniteness argument before *Nautilus*, because Mentor's new amendments appear to retread its March 2014 proposed amendments.[4] In response, Mentor argues that its new arguments are different from its March 2014 arguments: its March 2014 arguments challenged the Claims at issue as not meeting the first requirement of Section 112 ¶ 2 (whether the claim sets forth what the applicant "regards as his invention"), whereas its new arguments are based on the second requirement of Section 112 ¶ 2 (whether the claim is definite, i.e., stated with "sufficient particularity and distinctness"). The court agrees. Although both arguments are premised on the relationship between the preamble and the body of the claim, they raise different concerns. Mentor's March 2014 argument was that the court's claim construction order construed the claim to state an invention that was different from what the applicant regarded as his invention, because the applicant thought he was inventing something that included the preamble limitations. This argument goes to the first requirement in Section 112 ¶ 2. Mentor's current argument is that a person skilled in the art might read the claim multiple ways (i.e., to include some, all, or none of the preamble as a limitation on the body of the claim), and thus the claim is indefinite. This argument targets the second requirement in Section 112 ¶ 2. Thus, Mentor's new argument should not be rejected simply because Mentor brought a prior motion to make a *similar* (but not *identical*) argument that the court found untimely.

However, a fundamental problem with the new argument remains: Mentor could have made its proposed indefiniteness argument before the Supreme Court handed down its decision in *Nautilus*. Mentor's position is that prior to *Nautilus*, a claim was not indefinite if the court's claim construction order cured the patent's ambiguity. In this case, Judge Chesney's finding that the preambles were inessential to the claims had the effect of precluding any argument that the preambles rendered the claims indefinite. However, after *Nautilus*, claim construction itself can no longer cure a patent's ambiguity, so that Mentor may now argue that the preambles create indefiniteness. *See* Docket No. 190 at 2 ("Mentor's new defense was not viable under the pre-

---

[4] As described above, in March 2014, Mentor moved to amend its invalidity contentions to add arguments that the claims as construed had "indefiniteness issues" because they were contradicted by the terms in their preambles. This court rejected that argument as untimely.

7

existing law that *Nautilus* overruled . . . . because the patent claims <u>were</u> 'amenable to construction' in that the court was capable of construing the claims to not require the preamble language as a limitation. And once so construed to omit the preamble, the claims were not rendered 'insolubly ambiguous' vis-a-vis the preamble language. In other words, the Court's construction cured the patent's ambiguity.") (emphasis in original).

But Mentor's position mischaracterizes the change in the law that *Nautilus* brought. In *Nautilus*, the court noted that the pre-*Nautilus* "amenable to construction" standard might be misleading because it might direct the focus of the indefiniteness inquiry to the *court's construction* of the claim rather than the language of the claim itself, the patent specification, and other intrinsic evidence sources of meaning. *Nautilus*, 134 S.Ct. at 2130 ("It cannot be sufficient that a court can ascribe *some* meaning to a patent's claims; the definiteness inquiry trains on the understanding of a skilled artisan at the time of the patent application, not that of a court viewing matters *post hoc*.") (emphasis added). *See also California Inst. of Tech. v. Hughes Commc'ns Inc.*, No. 13-CV-07245-MRP-JE, -- F.Supp.2d --, 2014 WL 3866129 at *3 (C.D. Cal. Aug. 6, 2014) (under the pre-*Nautilus* standard, "[t]he district court would ascertain whether a term was 'amenable to construction' by attempting to construe the claim, and if it could construe the claim, the court would ask whether its construction was insolubly ambiguous"). But the fact that the relevant focus of an indefiniteness inquiry should be the perspective of someone skilled in the relevant art at the time the patent was filed rather than the court's post hoc construction of the term is a concept that predated *Nautilus*. *See Nautilus*, 134 S.Ct. at 2129 ("[T]he parties . . . are in accord on several aspects of the § 112, ¶ 2 inquiry. First, definiteness is to be evaluated from the perspective of someone skilled in the relevant art. Second, in assessing definiteness, claims are to be read in light of the patent specification and prosecution history. Third, definiteness is measured from the viewpoint of a person skilled in the art at the time the patent was filed.") (citations and formatting omitted). *See also Elcommerce.com, Inc. v. SAP AG*, 745 F.3d 490, 508-09 *vacated on other grounds*, 564 F. App'x 599 (Fed. Cir. Feb. 24, 2014) ("The test for definiteness asks whether one skilled in the art would understand the bounds of the claim when read in light of the specification.") (quoting *AllVoice Computing PLC v. Nuance Commc'ns, Inc.,* 504 F.3d 1236, 1240 (Fed. Cir. 2007)). Thus Mentor's argument that "before

8

[*Nautilus*], the issue was whether this Court's claim construction provided sufficient clarity . . . but now the determinative issue is whether the patent claim itself provided sufficient clarity" is simply incorrect.

In sum, the relevant question for determining whether *Nautilus* creates good cause for Mentor to amend its invalidity contentions is this: could Mentor have asserted these indefiniteness defenses against the Claims at issue prior to *Nautilus*?  The answer is yes, Mentor could have.  But Mentor did not.  Nothing prevented Mentor from asserting in its original invalidity contentions that the Claims at issue were invalid for indefiniteness because a person skilled in the art, considering the patents at the time they were filed, would not be able to understand with reasonable certainty whether the preamble terms acted as a limitation on the body of the claim.  As such, Mentor has failed to establish good cause to permit amendment.

### III. CONCLUSION

Mentor's motion for leave to amend its invalidity contentions is **denied.**

IT IS SO ORDERED.

Dated: September 24, 2014



DONNA M. RYU
United States Magistrate Judge

9