UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS INC, | No. C-12-06467 DMR |
| Plaintiff(s), | **ORDER RE: JOINT DISCOVERY LETTERS [DOCKET NO. 262, 274, 275]** |
| v. | |
| MENTOR GRAPHICS CORP, | |
| Defendant(s). | |

Before the court is a joint discovery letter submitted by Plaintiff Synopsys Inc. and Defendant Mentor Graphics Corp., in which Synopsys seeks leave to depose Mentor's expert, Dr. Majid Sarrafzadeh, for an additional three hours on the record. [Docket No. 262.] Upon the court's request, the parties filed a supplement to the letter. [Docket No. 275.] Also before the court is a joint discovery letter in which Synopsys requests additional deposition time with Dr. Sarrafzadeh to ask questions about certain of Dr. Sarrafzadeh's opinions. [Docket No. 274.] Having reviewed the parties submissions, the court finds that the matters are appropriate for resolution without oral argument pursuant to Civil L.R. 7-1(b).

Synopsys has established good cause for additional time for Dr. Sarrafzadeh's deposition. *See Boston Scientific Corp. v. Cordis Corp.*, No. 02-CV-1474 JW (RS), 2004 WL 1945643 at *2 (N.D. Cal. Sept. 1, 2004) ("A party seeking a court order to extend the examination must show 'good cause' to justify such an order.") (citations omitted); Fed. R. Civ. P. 30(d) (1) ("Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent, another person, or any other circumstance impedes or delays the

examination."). Accordingly, **Docket No. 262 is granted.** Synopsys may depose Dr. Sarrafzadeh for an additional **2 hours and 50 minutes**, exclusive of breaks. The location of the deposition shall be the same location as Dr. Sarrafzadeh's September 12, 2014 deposition, unless otherwise agreed upon by the parties.

Mentor states that it "does not seek to limit the scope of questioning on [the topics identified in Docket No. 274], subject to a standing objection that the testimony not be used in the Oregon litigation."[1] *See* Docket No. 274 at 7. The purpose of this "standing objection" is unclear; to the extent that Mentor is requesting that the court prohibit Dr. Sarrafzadeh's testimony in this lawsuit from being used in the lawsuit in Oregon between the parties, the court declines to second guess the decision by the Oregon court denying Mentor's motion to preclude Synopsys from using California deposition testimony at the Oregon trial. Because Mentor otherwise does not seek to limit the scope of questioning on the topics identified in Docket No. 274, and the court will permit Synopsys additional time to depose Dr. Sarrafzadeh, **Docket No. 274 is denied as moot.**[2]



Dated: September 30, 2014

_____
DONNA M. RYU
United States Magistrate Judge

---

[1] This lawsuit is one of four active district court actions between Synopsys and Mentor. The other three actions have been consolidated and are pending in the District of Oregon.

[2] Synopsys moves to file under the second joint discovery letter [Docket No. 274] and its exhibit because they have been designated "Highly Confidential - Attorneys' Eyes Only" by Mentor. *See* Docket No. 274-1. Mentor has filed the required declaration in response to Synopsys's motion to seal. *See* Docket No. 277; Civ. L.R. 79-5(e)(1). The court finds that Mentor has demonstrated that the information sought to be sealed is sealable, and **grants the motion to file under seal.**