**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SYNOPSYS, INC.,

       Plaintiff,

  v.

MENTOR GRAPHICS CORPORATION,

       Defendant.

_____/

No. C 12-6467 MMC

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXPEDITED ADMINISTRATIVE RELIEF**

      Before the Court is plaintiff Synopsys Inc.'s ("Synopsys") "Motion for Expedited Administrative Relief from Violations of Case Management Order and Local Rules," filed October 7, 2014, by which Synopsys requests an order striking two motions, filed October 3, 2014, by defendant Mentor Graphics Corporation ("Mentor"), specifically, Mentor's "Motion to Exclude Legal Opinions and Assumptions from Martin G. Walker, Ph.D. and Donald Thomas, Ph.D. Regarding Validity of Asserted Patent Claims" ("Motion to Exclude Walker & Thomas") and "Motion to Strike and Exclude Certain Opinions Given in the Reports of Ronald D. (Shawn) Blanton, Ph.D." ("Motion to Exclude Blanton").  On October 10, 2014, Mentor filed its opposition.  Having read and considered the papers filed in support of and in opposition to the motion, the Court hereby rules as follows.

      In support of the instant motion, Synopsys points out that the Court, by order filed March 11, 2014, set October 3, 2014 as the deadline for filing dispositive and Daubert motions, and that each party has filed a summary judgment motion and a Daubert motion, all said motions having been noticed for hearing on November 7, 2014.

1    Although, as Mentor points out in its opposition, Synopsys cites to no order, rule,

2    statute, or other authority precluding a party from concurrently filing other types of motions,

3    the Court agrees with Synopsys that, given the number and complexity of the issues raised

4    by the parties' respective summary judgment and <u>Daubert</u> motions, Mentor's motions to

5    exclude, on other than <u>Daubert</u> grounds, evidence not offered in connection with summary

6    judgment, are preferably heard as motions in limine.

7        Further, to the extent either such motion seeks to exclude evidence offered by

8    Synopsys in connection with summary judgment, the Court, with one exception, agrees

9    with Synopsys that such objections are more properly raised in an opposition or reply.  <u>See</u>

10   Civil L.R. 7-3(a) (providing "[a]ny evidentiary and procedural objections to [a] motion must

11   be contained within the [opposition] brief or memorandum"); <u>id.</u> at 7-3(c) (providing same

12   directive as to reply).  The one exception is Mentor's argument that Synopsys' expert

13   Ronald Blanton, Ph.D. ("Dr. Blanton"), in support of Synopsys' motion for summary

14   judgment, is asserting grounds for infringement not raised in Synopsys' infringement

15   contentions.  (<u>See</u> Motion to Exclude Blanton at 2:7-16:21.)

16       Accordingly, for the reasons stated above:

17       1. To the extent Synopsys' motion for administrative relief seeks an order striking

18   Mentor's Motion to Exclude Walker and Thomas, Synopsys' motion is hereby GRANTED;

19       2.  To the extent Synopsys' motion for administrative relief seeks an order striking

20   Mentor's Motion to Exclude Blanton, Synopsys' motion is hereby GRANTED as to any

21   portion other than Mentor's argument that Dr. Blanton, in support of Synopsys' motion for

22   summary judgment, relies on grounds for infringement not raised in Synopsys' infringement

23   contentions.

24       **IT IS SO ORDERED.**

25

26   Dated: October 10, 2014

27   _____
     MAXINE M. CHESNEY
     United States District Judge

28

2