IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MENTOR GRAPHICS CORPORATION, <br><br> Defendant. <br> _____ / | No. C 12-6467 MMC <br><br> **ORDER ON ADMINISTRATIVE MOTION TO SEAL PORTIONS OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND EXHIBITS THERETO; DIRECTIONS TO PLAINTIFF** |

Before the Court is Mentor Graphics Corporation's ("Mentor") "Administrative Motion to File Under Seal Defendant's Motion for Summary Judgment of Invalidity under 35 U.S.C. § 101 and Supporting Exhibits B-F to the Declaration of Marla Beier," filed October 3, 2014, pursuant to Civil Local Rule 79-5, by which Mentor seeks to file under seal documents designated confidential by plaintiff Synopsys Inc. ("Synopsys"). See Civil L.R. 79-5(d)-(e) (providing, where party seeks to file under seal material designated as confidential by another party, such party shall file motion for sealing order, after which designating party must file, within 4 days, "declaration . . . establishing that all of the designated information is sealable"). On October 7, 2014, Synopsys filed its responsive declaration in support of sealing. See id. Having read and considered the administrative motion and the parties' respective declarations, the Court hereby rules as follows.

To the extent the administrative motion seeks to seal portions of Mentor's motion for summary judgment and the entirety of exhibit F to the declaration of Marla Beier in support thereof, Mentor's administrative motion is GRANTED, and said motion and exhibit may remain under seal.

As to exhibits B through E to the above-referenced declaration, however, each of which Mentor seeks to have sealed in its entirety and appears to contain substantial amounts of non-sealable material, the motion sweeps too broadly. "A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(a). "The request must be narrowly tailored to seek sealing only of sealable material." Id. In lieu of denial, the Court DEFERS ruling on exhibits B through E pending Synopsys' filing, no later than November 1, 2014, a supplemental response in which Synopsys provides, for each such exhibit, a redacted version limiting the amount of material sought to be sealed. Pending the Court's ruling on the supplemental response, said exhibits will remain under seal.

**IT IS SO ORDERED.**

Dated: October 14, 2014

MAXINE M. CHESNEY
United States District Judge