IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SYNOPSYS, INC.,

    Plaintiff,

v.

MENTOR GRAPHICS CORPORATION,

    Defendant.

No. C 12-6467 MMC

**ORDER ON ADMINISTRATIVE MOTION TO SEAL PORTIONS OF DEFENDANT'S MOTION TO EXCLUDE AND EXHIBITS THERETO; DIRECTIONS TO PLAINTIFF**

    Before the Court is Mentor Graphics Corporation's ("Mentor") "Administrative Motion to File Under Seal Defendant's Motion to Exclude Legal Opinions and Assumptions from Martin G. Walker, Ph. D. and Donald Thomas, Ph. D. Regarding Validity of Asserted Patent Claims and Supporting Exhibits A-D to the Declaration of Xuangiang Tran," filed October 3, 2014, pursuant to Civil Local Rule 79-5,[1] by which Mentor seeks to file under seal documents designated confidential by plaintiff Synopsys Inc. ("Synopsys"). See Civil L.R. 79-5(d)-(e) (providing, where party seeks to file under seal material designated as confidential by another party, such party shall file motion for sealing order, after which

---

[1] By order filed October 13, 2014, the Court struck Mentor's motion to exclude, without prejudice to refiling at a later date. (See Doc. No. 303.) The motion and supporting exhibits, however, remain a part of the Clerk's docket.

1  designating party must file, within 4 days, "declaration . . . establishing that all of the
2  designated information is sealable"). On October 7, 2014, Synopsys filed its responsive
3  declaration in support of sealing. See id. Having read and considered the administrative
4  motion and the parties' respective declarations, the Court hereby rules as follows.

5       To the extent the administrative motion seeks to seal portions of Mentor's motion to
6  exclude, Mentor's administrative motion is GRANTED, and said motion may remain under
7  seal.

8       As to the above-referenced exhibits, however, each of which Mentor seeks, on
9  Synopsys' designation, to have sealed in its entirety and appears to contain substantial
10 amounts of non-sealable material, the motion is overbroad. "A sealing order may issue
11 only upon a request that establishes that the document, or portions thereof, is privileged or
12 protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R.
13 79-5(a). "The request must be narrowly tailored to seek sealing only of sealable material."
14 Id. In lieu of denial, the Court DEFERS ruling on exhibits A through D pending Synopsys'
15 filing, no later than November 1, 2014, a supplemental response in which Synopsys
16 provides, for each such exhibit, a redacted version limiting the amount of material sought to
17 be sealed. Pending the Court's ruling on the supplemental response, said exhibits will
18 remain under seal.

19 **IT IS SO ORDERED.**

21 Dated: October 14, 2014

                                        MAXINE M. CHESNEY
                                        United States District Judge