IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MENTOR GRAPHICS CORPORATION, <br><br> Defendant. <br> _____/ | No. C 12-6467 MMC <br><br> **ORDER ON ADMINISTRATIVE MOTION TO SEAL DEFENDANT'S DAUBERT MOTION AND EXHIBITS THERETO, DIRECTIONS TO PARTIES** |

    Before the Court is Mentor Graphics Corporation's ("Mentor") "Administrative Motion to File Under Seal Defendant's Daubert Motion to Exclude Certain Testimony of Plaintiff's Expert Mary Woodford and its Accompanying Declaration," filed October 3, 2014, pursuant to Civil Local Rule 79-5, by which Mentor seeks to file under seal documents designated confidential by both Mentor and plaintiff Synopsys Inc. ("Synopsys"). See Civil L.R. 79-5(d)-(e) (providing, where party seeks to file under seal material designated as confidential by another party, such party shall file motion for sealing order, after which designating party must file, within 4 days, "declaration . . . establishing that all of the designated information is sealable"). On October 7, 2014, Synopsys filed its responsive declaration in support of sealing. See id. Having read and considered the administrative motion and the parties' respective declarations, the Court hereby rules as follows.

1        Mentor seeks to seal, in their entirety, Mentor's <u>Daubert</u> motion and exhibits 1-5, 7-9, 11, and 12 to the accompanying declaration of Kristin L. Cleveland.

       To the extent the administrative motion seeks to seal the underlying motion and exhibits 2-5, 8-9, 11, and 12 to the above-referenced declaration, the motion is GRANTED, and said motion and exhibits may remain under seal.

       As to exhibit 7 to the above-referenced declaration, however, no party has submitted a declaration stating why such exhibit is sealable, and, accordingly, Mentor's administrative motion is DENIED as to exhibit 7.

       As to exhibit 1 to the above-referenced declaration, which has been designated confidential by both Mentor and Synopsys and which Mentor seeks to have sealed in its entirety, the motion appears to encompass substantial amounts of non-sealable material. "A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law."  Civil L.R. 79-5(a).  "The request must be narrowly tailored to seek sealing only of sealable material."  <u>Id.</u>  In lieu of denial, the Court DEFERS ruling on exhibit 1 pending each party's filing, no later than November 1, 2014, a supplemental response that provides for such exhibit a redacted version limiting the amount of material sought to be sealed.  Pending the Court's ruling on the supplemental response, said exhibit will remain under seal.

       **IT IS SO ORDERED.**

Dated: October 14, 2014

                                     MAXINE M. CHESNEY
                                     United States District Judge