United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SYNOPSYS, INC.,

          Plaintiff,

  v.

MENTOR GRAPHICS CORPORATION,

          Defendant.

_____/

No. C 12-6467 MMC

**ORDER ON ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND EXHIBITS THERETO, DIRECTIONS TO PARTIES**

Before the Court is "Synopsys' Administrative Motion to File Omnibus Motion for Summary Judgment Under Seal," filed October 3, 2014, by plaintiff Synopsys, Inc. ("Synopsys"), pursuant to Civil Local Rule 79-5. Having read and considered the administrative motion and declarations filed in support thereof, the Court hereby rules as follows.

"A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(a). "The request must be narrowly tailored to seek sealing only of sealable material." Id.

By the instant motion, Synopsys seeks to seal portions of Synopsys' motion for summary judgment, the entirety of exhibits 6, 8, 10-13, 15-17, 19, 20, 25-30, 33, 36, and 38-46 to the declaration of Philip W. Woo ("Woo declaration") in support thereof, the entirety of the declaration of Martin G. Walker in support thereof, and the entirety of the declaration of Ronald D. (Shawn) Blanton in support thereof. Various portions of said

material have been designated confidential by Synopsys and other portions of said material have been designated by Mentor.  See Civil L.R. 79-5(d)-(e) (providing, where party seeks to file under seal material designated as confidential by another party, such party shall file motion for sealing order, after which designating party must file, within 4 days, "declaration . . . establishing that all of the designated information is sealable").  On October 7, 2014, Mentor filed its responsive declaration in support of sealing.  See id.

To the extent the administrative motion seeks to seal portions of Synopsys' motion for summary judgment and the entirety of exhibits 11, 12, 19, 20, 25, 26, 28, 29, 30, 33, 36, 38, 39, 41, 42, 43, 44, 45, and 46 to the Woo declaration, the administrative motion is GRANTED, and Synopsys' motion for summary judgment and said exhibits thereto may remain under seal.

As to exhibits 6 and 17 to the Woo declaration, which exhibits were designated confidential by Mentor, no responsive declaration under Civil Local Rule 79-5(d) has been submitted by said designating party.  Accordingly, to the extent Synopsys' motion seeks sealing of said exhibits, the motion is DENIED, and Synopsys is DIRECTED to file in the public record, no earlier than October 20, 2014, and no later than October 24, 2014, exhibits 6 and 17 to the Woo declaration.

As to exhibits 8 and 10 to the Woo declaration, contrary to Synopsys' assertion that the materials are sealable, the documents appear to contain substantial amounts of non-sealable material.  In lieu of denial, the Court DEFERS ruling on exhibits 8 and 10 pending Synopsys' filing, no later than November 1, 2014, a supplemental response in which Synopsys provides, for each such exhibit, a redacted version limiting the amount of material sought to be sealed.  Pending the Court's ruling on the supplemental response, said exhibits will remain under seal.

Exhibits 15 and 16 to the Woo declaration, although declared sealable by both parties, likewise appear to contain substantial amounts of non-sealable material.  In lieu of denial, the Court DEFERS ruling on exhibits 15 and 16 pending each parties' filing, no later than November 1, 2014, a supplemental response that provides, for each such exhibit, a

1   redacted version limiting the amount of material sought to be sealed.  Pending the Court's

2   ruling on the supplemental responses, said exhibits will remain under seal.

3        As to exhibits 13, and 27 to the Woo declaration and the declaration of Martin G.

4   Walker, Ph.D., contrary to Synopsys' assertion that said documents are sealable, the

5   documents appear to consist entirely of non-sealable information.  To the extent such

6   exhibits may contain material meeting Synopsys' purported justification for sealing,

7   however, the Court DEFERS ruling thereon pending Synopsys' filing, no later than

8   November 1, 2014, a supplemental response in which Synopsys provides, for each such

9   exhibit, a redacted version limiting the amount of material sought to be sealed.  Pending

10  the Court's ruling on the supplemental response, said exhibits will remain under seal.

11       As to exhibit 40 to the Woo declaration, contrary to Mentor's assertion that the

12  exhibit is sealable, the exhibit appears to consist entirely of non-sealable information

13  already available to the public.  To the extent said exhibits may contain material meeting

14  Mentor's purported justification for sealing, however, the Court DEFERS ruling thereon

15  pending Mentor's filing, no later than November 1, 2014, a supplemental response that

16  provides for said exhibit a redacted version limiting the amount of material sought to be

17  sealed.  Pending the Court's ruling on the supplemental response, said exhibit will remain

18  under seal.

19       Lastly, as to the declaration of Ronald D. (Shawn) Blanton, Ph.D., the motion is

20  GRANTED to the extent the parties seek to seal the material beginning on page 18, line 21,

21  through page 72, line 5 and otherwise is DENIED.  Synopsys is DIRECTED to file in the

22  public record, no later than October 21, 2014, a redacted version of said declaration.

23       **IT IS SO ORDERED.**

24

25  Dated: October 14, 2014

26                                              MAXINE M. CHESNEY
                                               United States District Judge

27

28

3