United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SYNOPSYS, INC.,

        Plaintiff,

   v.

MENTOR GRAPHICS CORPORATION,

        Defendant.

_____/

No. C 12-6467 MMC

**ORDER ON ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFF'S REPLY TO DAUBERT MOTION AND EXHIBITS THERETO; DIRECTIONS TO PLAINTIFF**

Before the Court is the "Administrative Motion to File Synopsys' Reply Regarding Synopsys' Daubert Motion to Exclude Testimony of Ranauro, Stuckwish, and Sarrafzadeh [and] Supporting Exhibits Under Seal," filed October 24, 2014, by plaintiff Synopsys, Inc. ("Synopsys"), pursuant to Civil Local Rule 79-5, by which Synopsys seeks to seal portions of Synopsys' reply as well as the entirety of exhibits I through M to the supporting declaration of Philip W. Woo ("Woo declaration"). Certain portions of the material sought to be sealed have been designated confidential by Synopsys and other portions have been so designated by defendant Mentor Graphics Corporation ("Mentor"). See Civil L.R. 79-5(d)-(e) (providing, where party seeks to file under seal material designated confidential by another party, such party shall file motion for sealing order, after which designating party must file, within 4 days, "declaration . . . establishing that all of the designated information

1   is sealable").  Mentor did not file a responsive declaration in support of sealing.  See id.

2       "A sealing order may issue only upon a request that establishes that the document,

3   or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to

4   protection under the law."  Civil L.R. 79-5(a).  "The request must be narrowly tailored to

5   seek sealing only of sealable material."  Id.

6       To the extent the administrative motion seeks to seal the entirety of exhibits I, J, K,

7   and M to the Woo declaration, Synopsys has shown good cause for such requested relief.

8   Accordingly, the administrative motion is GRANTED and said exhibits may remain under

9   seal.

10      As to exhibit L to the Woo declaration, which exhibit was designated confidential by

11  Mentor, no responsive declaration under Civil Local Rule 79-5(d) has been submitted by

12  said designating party.  Accordingly, to the extent Synopsys' administrative motion seeks

13  sealing of said exhibit, the motion is DENIED, and Synopsys is DIRECTED to file in the

14  public record, no earlier than November 3, 2014, and no later than November 10, 2014,

15  exhibit L to the Woo declaration.

16      In light of the above: (1) to the extent the administrative motion seeks to seal

17  portions of the reply containing references to exhibits I, J, K, and M to the Woo declaration,

18  the administrative motion is GRANTED, and said portions may remain under seal, and (2)

19  to the extent the administrative motion seeks to seal the portion of the reply referencing

20  exhibit L (see Reply at 15:2-4), the administrative motion is DENIED, and Synopsys is

21  DIRECTED to file in the public record, no earlier than November 3, 2014, and no later than

22  November 10, 2014, a revised version of its reply that does not redact said portion.

23  **IT IS SO ORDERED.**

24

25  Dated: October 29, 2014

26                                               MAXINE M. CHESNEY
                                                 United States District Judge

27

28

2