

**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MENTOR GRAPHICS CORPORATION, <br><br> Defendant. <br> _____ / | No. C 12-6467 MMC <br><br> **ORDER DENYING SYNOPSYS' MOTION FOR SUMMARY JUDGMENT AS TO INFRINGEMENT AND RDOE; GRANTING IN PART AND DENYING IN PART PARTIES' RESPECTIVE MOTIONS TO EXCLUDE OPINIONS OF EXPERT WITNESSES; DEFERRING RULING ON PARTIES' RESPECTIVE MOTIONS FOR SUMMARY JUDGMENT AS TO § 101 PATENTABILITY** |

Before the Court are: (1) plaintiff Synopsys, Inc.'s ("Synopsys") "Omnibus Motion for Summary Judgment"; (2) Synopsys' "Omnibus Daubert Motion to Exclude Expert Testimony of Ron Ranauro, Suzanne Stuckwisch, and Dr. Majid Sarrafzadeh"; (3) defendant Mentor Graphics Corporation's ("Mentor") "Daubert Motion to Exclude Certain Testimony of Plaintiff's Expert Mary Woodford"; and (4) Mentor's "Motion to Exclude Certain Opinions Given in the Reports of Ronald D. (Shawn) Blanton, Ph.D.," each filed October 3, 2014. The motions came on regularly for hearing on November 7, 2014 and November 20, 2014. M. Patricia Thayer, Bryan K. Anderson, Philip W. Woo, and David T. Pritiken of Sidley Austin, LLP appeared on behalf of Synopsys. John D. Vandenberg, Kristin L. Cleveland, Andrew M. Mason, and Salumeh R. Loesch of Klarquist Sparkman,

LLP and Luann L. Simmons of O'Melveney and Myers LLP appeared on behalf of Mentor. Having considered the papers filed in support of and in opposition to the motions, and the arguments of counsel at the hearing, the Court rules as follows.

**I. Synopsys' Omnibus Motion for Summary Judgment**

For the reasons stated on the record at the November 20, 2014 hearing, to the extent Synopsys seeks summary judgment of infringement as to claim 1 of the '841 patent and summary judgment on Mentor's defense under the reverse doctrine of equivalents ("RDOE"), the motion is DENIED. In particular, a triable issue of fact exists as to both issues. (See Doc. No. 318-6 (Sarrafzadeh Declaration) ¶ 13 (stating "RTLC does not use the assignment conditions of the Gregory Patents"); Doc. No. 318-13 (Sarrafzadeh Resp. Report and Decl.) ¶ 191 (describing how designers "specify latches and flip-flops in their RTL descriptions"); see also Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, (1997) (noting "[n]othing in our recent decision in Markman . . . necessitates a different result than that reached by the Federal Circuit['s]" holding equivalence was a question for jury).[1]

**II. Synopsys' Omnibus Daubert Motion to Exclude Expert Testimony of Ron Ranauro, Suzanne Stuckwisch, and Dr. Majid Sarrafzadeh**

**A. Ron Ranauro**

For the reasons stated on the record at the November 7, 2014 hearing, to the extent Ron Ranauro seeks to offer an opinion as to the date of an asserted offer to sell, Synopsys' motion is GRANTED. In particular, such testimony is not a proper subject of expert opinion. See, e.g., Lord Abbett Mun. Income Fund, Inc. v. Asami, 2014 WL 3417941, at *13 n.8 (N.D. Cal. July 11, 2014) (excluding expert's opinion "based upon her interpretation of the evidence" where "her opinion merely summarize[d] the record evidence and gratuitously interpret[ed] it").

---

[1] To the extent Synopsys seeks summary judgment of patent eligibility, that issue, along with Mentor's "Motion for Summary Judgment of Invalidity under 35 U.S.C. § 101," will be addressed in a separate order filed at a later date.

### B. Suzanne Stuckwisch

For the reasons stated on the record at the November 20, 2014 hearing, to the extent Suzanne Stuckwisch ("Stuckwisch") seeks to offer her calculation of market share as set forth in Exhibit 18 to her report, the motion is GRANTED. In particular, Stuckwisch's methodology lacks the requisite degree of reliability. See Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 597 (1993) (holding trial court must ensure expert testimony "rests on a reliable foundation"). To the extent Stuckwisch seeks to testify as to the availability of a non-infringing substitute, the motion, as set forth in the following section, is DENIED.

### C. Majid Sarrafzadeh

For the reasons stated on the record at the November 20, 2014 hearing, to the extent Majid Sarrafzadeh, Ph.D., seeks to offer an opinion that a modification of Mentor's Veloce product combined with Synopsys' Synplify product constitutes an available non-infringing substitute, the motion is DENIED. In particular, a triable issue of fact exists as to the factual foundation for such opinion, specifically, whether such combination was available. See Grain Processing Corp. v. Am. Maize-Products Co., 185 F.3d 1341, 1355 (Fed. Cir. 1999) (holding, for purposes of showing availability, alleged infringer must show non-infringing product was "acceptable substitute in the marketplace"); (see, e.g., Doc. No. 283-8 (Stuckwisch Reply Report) ¶¶ 79-81 (describing Intel's use of asserted non-infringing combination).)

**III. Mentor's Daubert Motion to Exclude Certain Testimony of Plaintiff's Expert Mary Woodford**

For the reasons stated on the record at the November 7 and November 20, 2014 hearings, the motion is DENIED. In particular, the cases on which Mentor relies are distinguishable because the plaintiffs therein, unlike plaintiff's expert here, Mary Woodford ("Woodford"), failed to determine a royalty based on the smallest salable patent-practicing unit, see, e.g., LaserDynamics, Inc. v. Quanta Computer, Inc., 694 F.3d 51, 67 (Fed. Cir. 2012), and the probative value of Woodford's use of Veloce as a separate starting point in her apportionment analysis is not outweighed by the asserted prejudicial effect of such

evidence, see Fed. R. Evid. 403, in that the Veloce Software Suite was never sold as a separate product.

**IV. Mentor's Motion to Exclude Certain Opinions Given in the Reports of Ronald D. (Shawn) Blanton, Ph.D.**

For the reasons stated on the record at the hearing on November 20, 2014, the motion is DENIED, provided that Dr. Blanton be made available, at a reasonable time, for deposition as to the assertedly new opinions offered in his declaration and reply report, and on the further condition that Mentor may at its election file a reply report by its expert Dr. Sarrafzadeh addressing such assertedly new opinions.

**IT IS SO ORDERED.**

Dated: November 26, 2014

MAXINE M. CHESNEY
United States District Judge