1  David T. Pritikin (*Pro Hac Vice*)
   dpritikin@sidley.com
2  SIDLEY AUSTIN LLP
   1 South Dearborn Street
3  Chicago, IL  60603
   Telephone:  (312) 853-7000
4  Facsimile:   (312) 853-7036

5  M. Patricia Thayer (SBN 90818)
   pthayer@sidley.com
6  Philip W. Woo (SBN 196459)
   pwoo@sidley.com
7  SIDLEY AUSTIN LLP
   555 California Street, Suite 2000
8  San Francisco, CA  94104
   Telephone:  (415) 772-1200
9  Facsimile:   (415) 772-7400

10 I. Neel Chatterjee (SBN 173985)
   nchatterjee@orrick.com
11 ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
12 Menlo Park, CA  94025
   Telephone:  (650) 614-7400
13 Facsimile:   (650) 614-7401

14 Attorneys for Plaintiff
   SYNOPSYS, INC.
15

George A. Riley (SBN 118304)
griley@omm.com
Mark E. Miller (SBN 130200)
markmiller@omm.com
Luann L. Simmons (SBN 203526)
lsimmons@omm.com
Michael Sapoznikow (SBN 242640)
msapoznikow@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone:     (415) 984-8700
Facsimile:      (415) 984-8701

Kristin L. Cleveland (SBN 184639)
kristin.cleveland@klarquist.com
Salumeh R. Loesch (*Pro Hac Vice*)
salumeh.loesch@klarquist.com
Jeffrey S. Love (SBN 195068)
jeffrey.love@klarquist.com
Andrew M. Mason (*Pro Hac Vice*)
andrew.mason@klarquist.com
John D. Vandenberg (*Pro Hac Vice*)
john.vandenberg@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, OR  97204
Telephone:     (503) 595-5300
Facsimile:      (503) 595-5301

16

Attorneys for Defendant
MENTOR GRAPHICS CORPORATION

17

18

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

19

| | |
|---|---|
| SYNOPSYS, INC., a Delaware Corporation<br><br>Plaintiff,<br><br>v.<br><br>MENTOR GRAPHICS CORPORATION, an Oregon Corporation,<br><br>Defendant. | Case No. 3:12-cv-06467-MMC<br><br>**STIPULATED MOTION AND [PROPOSED] ORDER FOR ENTRY OF FINAL JUDGMENT AS TO COUNTS 1-3 OF THE COMPLAINT AND STAY OF ACTION AS TO COUNT 4** |

20

21

22

23

24

25

26

27

28

Plaintiff Synopsys, Inc. ("Synopsys") and Defendant Mentor Graphics Corporation ("Mentor") jointly submit this stipulated motion seeking the following relief from the Court, accompanied by a proposed order:

1.      Entry of a final judgment under Federal Rule of Civil Procedure 54(b), as to Counts 1-3 of the Complaint, adjudicating the eight asserted claims of United States Patent Nos. 5,530,841, 5,680,318, and 5,748,488 (collectively, the "Gregory Patents") invalid under Section 101 of the Patent Act, reserving Synopsys' right to appeal from such judgment; and

2.      An order further staying the action as to Count 4 (United States Patent No. 6,836,420) pending the resolution of the *inter partes* review of the '420 patent, *see* Dkt. No. 215, including any appeal therefrom, and of any appeal of the Order on Motions for Summary Judgment, Dkt. No. 442 ("Section 101 Order").

Synopsys and Mentor respectfully submit that the requested relief is properly based on the following:

1.      Synopsys' Complaint in this action includes four counts.  Dkt. No. 1.  Counts 1-3 relate to Synopsys' infringement allegations for the Gregory Patents.  *Id*. at 3-7.  Count 4 relates to Synopsys' infringement allegations for the '420 patent.  *Id*. at 7-8.  Mentor has not asserted any counterclaims in this action.  Dkt. No. 43.

2.      The Court granted summary judgment finding all asserted claims of the Gregory Patents invalid under 35 U.S.C. § 101.  Section 101 Order at 11.  As a result, there is currently nothing left to be determined on Counts 1-3 of the Complaint.  Synopsys intends to appeal the Section 101 Order.

3.      The Court previously, on August 1, 2014, stayed all proceedings regarding Count 4 pending *inter partes* review of the '420 patent.  Dkt. No. 215.

4.      Because the proceedings for the only remaining claim in this action are stayed, all deadlines have been vacated (except for a periodic joint status report regarding the stay).  Dkt. No. 444.

5.      The three Gregory Patents that are the subject of Counts 1-3 share the same

inventors, specification, and priority date.  Two of the Gregory Patents have already expired, and the remaining patent will expire within the next month.

6.     The '420 patent, on the other hand, has different inventors, a different specification, and a different priority date than the Gregory Patents.  The '420 patent and the Gregory Patents have no overlapping construed claimed terms.  *See* Dkt. No. 100.  Further, the '420 patent was acquired by Synopsys when it acquired Synplicity, Inc., whereas Synopsys was the original assignee of the Gregory Patents.  The '420 patent is also currently subject to an *inter partes* review before the Patent Trial and Appeal Board.  The Board has not yet issued a final written decision regarding the '420 patent.  Once the Board issues a final written decision, either party may appeal that decision to the Federal Circuit.  35 U.S.C. § 141(c).

7.     The parties have agreed to the following:

   a.  Neither party will raise any argument or issue regarding the '420 patent in any appeal of the Section 101 Order;

   b.   The stay regarding the '420 patent should continue until both the appeal of the Section 101 Order and any appeal of the *inter partes* review of the '420 patent are resolved; and

   c.  Until any appeal of the Section 101 Order is complete and the Federal Circuit issues its mandate, Synopsys shall not bring any new action or allegation that any Mentor's actions, products, or software, or any use of Mentor's products or software, infringe, directly or indirectly, the '420 patent.

8.     Under Federal Rule of Civil Procedure 54(b), "the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . if the court expressly determines that there is no just reason for delay."  In patent cases, Federal Circuit law applies to Rule 54(b) certification issues.  *Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 829 (Fed. Cir. 2003).  Rule 54(b) certification is proper where there is: (1) a final judgment, and (2) the district court determines that there is no just reason for delay of entry. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980); *see also W.L. Gore Assocs., Inc. v. Int'l Med. Prosthetics Research*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Assocs., Inc.*, 975 F.2d 858, 861-62 (Fed. Cir. 1992).  A final judgment is "a decision upon a cognizable claim for relief" and that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright*, 446 U.S. at 7 (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).

      9.     The parties agree that the judgment with respect to the Gregory Patents is final and disposes of the claims asserting the Gregory Patents.  The parties further agree that there is no just reason for delay of entry of a final judgment of invalidity with regard to the Gregory Patents.

      10.     The Section 101 Order left nothing to be determined on Synopsys' claims of infringement of the Gregory Patents under Counts 1-3.  All proceedings on Count 4 regarding the '420 patent are stayed.  In light of these facts, the differences between the Gregory Patents and the '420 patent, and the parties' agreements, there is no just reason for delay in any appeal of the Section 101 Order.  These circumstances justify immediate appeal of the Section 101 Order, and "departure from the general rule that all issues decided by the district court should be resolved in a single appeal of a final judgment."  *See iLOR, LLC v. Google, Inc.*, 550 F.3d 1067, 1072-73 (Fed. Cir. 2008).

      IT IS SO STIPULATED.

Dated:  April 17, 2015               By:  *s/M. Patricia Thayer*
                                        M. Patricia Thayer

                                        Attorneys for Plaintiff
                                        SYNOPSYS, INC.

Dated:  April 17, 2015               By:  *s/John D. Vandenberg*
                                          John D. Vandenberg

                                        Attorneys for Defendant
                                        MENTOR GRAPHICS CORPORATION

1

2          Pursuant to Civil Local Rule 5-1(i)(3), counsel for Mentor Graphics has obtained the

3     concurrence of Plaintiff's counsel in the filing of this stipulated request.

4      Dated:  April 17, 2015                          By:  _s/John D. Vandenberg_____

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
STIPULATION AND [PROPOSED] ORDER FOR ENTRY OF FINAL
JUDGMENT AS TO COUNTS 1-3 OF THE COMPLAINT AND STAY OF
ACTION AS TO COUNT 4
CASE NO. 3:12-CV-06467-MMC                                                    4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

1.      Final judgment is hereby entered under Federal Rule of Civil Procedure 54(b), as to Counts 1-3 of the Complaint, adjudicating the eight asserted claims of United States Patent Nos. 5,530,841, 5,680,318, and 5,748,488 (collectively, the "Gregory Patents") invalid under Section 101 of the Patent Act, reserving Synopsys' right to appeal from such judgment.  For the reasons set forth in the parties' stipulated motion, there is no just reason for delay in any appeal on these counts.

2.      Furthermore, the action as to Count 4 (United States Patent No. 6,836,420) is further stayed pending the resolution of the *inter partes* review of the '420 patent, including any appeal therefrom, and of any appeal of the Section 101 Order on Counts 1-3.

DATED:  April 20, 2015

Honorable Maxine M. Chesney
United States District Judge

STIPULATION AND [PROPOSED] ORDER FOR ENTRY OF FINAL
JUDGMENT AS TO COUNTS 1-3 OF THE COMPLAINT AND STAY OF
ACTION AS TO COUNT 4
CASE NO. 3:12-CV-06467-MMC

5