IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MENTOR GRAPHICS CORPORATION, <br><br> Defendant. <br> _____ / | No. C 12-6467 MMC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

     Before the Court is plaintiff Synopsys, Inc's ("Synopsys") "Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge," filed June 16, 2015, by which Synopsys requests this Court set aside Magistrate Judge Donna M. Ryu's order of June 2, 2015 ("Order"), to the extent such order imposes sanctions for Synopsys' violation of the parties' stipulated protective order.  Specifically, Synopsys seeks an order setting aside those portions of the Order that "(a) admonish Synopsys' attorneys at the law firm of Sidley Austin LLP," or (b) state that "it is appropriate for Mentor to withdraw its approval of [Adel] Assaad to view any of Mentor's confidential information." (See Mot. At 1:4-6.)  Defendant Mentor Graphics Corporation ("Mentor") has filed opposition, to which Synopsys has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court hereby rules as follows.

     According to Synopsys, the Order should be vacated because, inter alia, it imposes sanctions based solely on the court's inherent power but makes no specific finding of bad

1   faith.  "[A] specific finding of bad faith must precede any sanction under the court's inherent
2   powers."  See Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001) (internal quotation and
3   citation omitted).  As Synopsys correctly points out, the Order imposed sanctions based
4   solely on the court's inherent power (see Order at 6:13-14, 7:7-8 (noting "Mentor does not
5   contend that Synopsys' violation of the [protective order] falls within any of the grounds for
6   sanctions under Rule 37"; stating "[t]he court now invokes its inherent authority in making
7   determinations regarding Mentor's motion for sanctions"), but made no specific finding of
8   bad faith, and, in fact, appeared to find there was no bad faith (see Order at 4:9 (noting
9   "there is some sense" in Synopsys interpretation of the subject discovery order)).

10   Mentor, in opposition, argues that the record supports a finding of bad faith, and that
11   the Magistrate Judge could have imposed sanctions pursuant to Rule 16 or Rule 37 of the
12   Federal Rules of Civil Procedure, which rules, according to Mentor, do not require a
13   specific finding of bad faith.  In its argument before the Magistrate Judge, however, Mentor
14   did not contend Synopsys' conduct was sanctionable under either such rule, and, indeed,
15   did not contend the challenged acts, albeit characterized by Mentor as "egregious[]" and a
16   "conscious . . . choice" (see Joint Statement of Unresolved Issues, filed Nov. 6, 2014, at 5),
17   were committed in "bad faith"; nor did the facts presented require such a finding.  In sum,
18   regardless of what a hypothetical judicial officer could have done, here, as discussed
19   above, the Magistrate Judge made no finding of bad faith nor did she rule in reliance on
20   any authority other than inherent power.

21   Consequently, although the Magistrate Judge carefully considered the factual record
22   and the parties' respective legal positions, declined to grant any of the more severe
23   sanctions sought by Mentor and, instead, endeavored to tailor the relief granted to avoid
24   any undue burden on Synopsys' ability to prosecute its case, the Order must be set aside
25   to the extent sanctions were imposed.  The challenged admonition, however, does not
26   constitute a sanction, but, rather, the Magistrate Judge's well-founded allocation of
27   responsibility for the violation under consideration.
28   Accordingly, Synopsys' motion for relief from is hereby GRANTED in PART and

2

DENIED in PART as follows:

1. To the extent Synopsys seeks an order setting aside that portion of the Order allowing Mentor to withdraw its approval of Adel Assaad to view Mentor's confidential information, the motion is GRANTED;

2. To the extent Mentor seeks an order setting aside that portion of the Order admonishing counsel, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: July 17, 2015

MAXINE M. CHESNEY
United States District Judge